EDWARD SWEENEY v. ELIJAH J. DEVENS.

*Fraud—Charge to jury.*

The language used in that portion of the charge of the court quoted
in the opinion is held to have been misleading, and to have
given the jury the impression that the language of the request
repeated in the charge was adopted by the court, and that they
were instructed that everything should be so clear and con-
clusive as to leave no rational doubt in their minds as to the
existence of the fraud charged.

Error to Wayne. (Brevoort, J.) Argued June 22,
1888. Decided November 1, 1888.

| 72 | 301 |
| s40NW | 454 |
| 132 | 558 |

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Edwin F. Conely,* for appellant, contended:

1. The rule stated in the request, which was extracted from the opinion in *Buck v. Sherman,* 2 Doug. 182, was considered and rejected in *Watkins v. Wallace,* 19 Mich. 77, this Court holding in the latter case that the rule of mere preponderance applies to all civil actions; citing, also, *Elliott v. Van Buren,* 33 Mich. 49; *Peoples v. Evening News,* 51 Id. 12; *Monaghan v. Ins. Co.,* 53 Id. 238.

*Geo. M. Collier,* for defendant, contended as stated in the opinion.

LONG, J. This is an action on the case, brought in the circuit court for Wayne county. Verdict and judgment for the defendant, and plaintiff brings the case into this Court by writ of error. The action was for false and fraudulent representations, by which it is claimed defendant obtained from plaintiff $739 in money. The only error assigned is based upon the charge of the court.

The language complained of is contained in the following portion of the charge:

"It is the duty of the plaintiff, gentlemen, in all civil cases, to satisfy you by a preponderance of evidence— that is, by such evidence as carries with it conviction— that he has made a case before he can recover. In this particular case the plaintiff claims that by the fraudulent representations made to him by the defendant, Devens, he was induced to furnish Devens the sum of about $739, that said defendant used for his own benefit.

"Now, gentlemen, going into the sale of the patented article, as the one in controversy here, to wit, a patented fence-post, was perfectly legitimate. They had a right to do so. They had a right to put in such sums of money as they thought proper; and the whole thing turns here. As I have said before, this action is brought to recover the sum of money alleged to

have been advanced by the plaintiff to said defendant by means of false and fraudulent representations.

"The instructions asked to be given on the part of defendant are substantially as follows: That fraud will not be presumed under slight circumstances. Everything should be so clear and conclusive as to leave no rational doubt in your minds as to its existence.

"Now, gentlemen, the rule is that fraud must be clearly proven, not by lightly inferring it, and that the party affected by it must complain promptly when the facts come to his knowledge. If you find, as a matter of fact, that the plaintiff did not at all rely upon the representations, either because he did not believe them, or because he chose to investigate, and act upon his own judgment, and, in pursuance of that, plaintiff went with the defendant to Chicago on the first trip of their enterprise, then this action cannot be maintained, and your verdict should be for the defendant."

The particular paragraph of this portion of the charge of which complaint is made, reads:

"That fraud will not be presumed under slight circumstances. Everything should be so clear and conclusive as to leave no rational doubt in your minds as to its existence."

It is contended by the counsel for defendant that the court, after laying down the rule correctly, simply repeated a request asked by defendant's counsel, and then proceeded to explain fully and correctly the law governing the case, and to which no exception was taken; and that the plaintiff has no right to complain, or to have the case reversed upon the isolated remark of the trial judge in repeating the request asked to be given by the defendant's counsel. I have carefully read the entire charge of the court, and can arrive at no other conclusion than that the language used in this part of the charge was misleading, and gave the jury the impression that the language of the request repeated in the charge was adopted by the court, and that they were instructed that—

"Everything should be so clear and conclusive as to leave no rational doubt in their minds as to its existence."

The rule governing civil cases is laid down in *Watkins v. Wallace*, 19 Mich. 57, and in many other cases in this Court, and need not be stated here. I think the plaintiff's case was prejudiced by this language.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

The other Justices concurred.