STATE SECURITY & REALTY CO. v. BADGER.

1. TRIAL—FRAUD—CONFLICTING EVIDENCE—QUESTION FOR JURY—JUDGMENT NON OBSTANTE VEREDICTO.

In an action for fraud in the sale of lots, where the evidence was conflicting, the issue was properly for the jury, and the court below was in error in entering judgment *non obstante veredicto*.

2. FRAUD—SALES—MATERIAL STATEMENT OF FACT.

In an action for fraud in the sale of lots, a statement by

the vendor that the "improvements had all been paid for except the paving" was a material statement of fact, which, if relied upon by plaintiff and untrue, entitled it to a verdict.

3. Same—Evidence—Weight of Evidence.
   Where the representation of fraud relied upon by plaintiff was testified to by its president, the president's son, and the broker who made the sale, and was denied by defendant only, a verdict for plaintiff cannot be said to be against the weight of the evidence.

4. Trial—Fraud—Proofs—Instructions.
   Where there was sufficient evidence of fraud to carry the question to the jury, an instruction by the court that the fraud should be established by clear proof, and that if there was such proof in this case that satisfied them that plaintiff was defrauded in the manner alleged, the plaintiff should be given a verdict, but if not so satisfied the defendant would be entitled to a verdict, *held*, as favorable to defendant as he was entitled to.

5. Amendments—Pleading—Variance—Gist of Action.
   Where the declaration alleged that the fraudulent representations relied upon were made at the lots, while the proofs disclosed that they were made in plaintiff's office, plaintiff's motion to amend the declaration to correspond with the proofs should have been allowed; the variance being unimportant to the gist of the fraud.

Error to Wayne; Mandell, J.  Submitted October 18, 1917.  (Docket No. 89.)  Decided March 27, 1918.

Assumpsit by the State Security & Realty Company against Albert E. Badger for money obtained by fraud and deceit.  Judgment *non obstante veredicto* for defendant.  Plaintiff brings error.  Reversed, and judgment entered on the verdict.

*Wilkinson, Routier & Hinkley,* for appellant.
*John C. Shields,* for appellee.

Bird, J.  Through the efforts of William J. Stanfield, a real estate broker, defendant sold to plaintiff

on land contract five lots on Pennsylvania avenue in the city of Detroit. Subsequently the abstracts were examined by plaintiff's counsel, and, being found satisfactory, warranty deeds were made and delivered to plaintiff on the 30th day of December, 1911. On February 25, 1913, plaintiff learned that the city of Detroit had certain charges against the lots for the construction of sidewalks adjacent thereto, which had become liens thereon since they were purchased by it. Plaintiff paid the assessments and demanded reimbursement from defendant. Defendant declined to make payment on the ground that the charges were not liens at the time the conveyances were made. Plaintiff, to enforce his demand, commenced this action. The declaration charged that plaintiff was induced to enter into said contract by reason of defendant's false and fraudulent representations "that the improvements were all in and paid for except the paving," and that it relied upon said representations when in truth and in fact they were false. Defendant denied having made these representations, or any representations save those contained in the contract. The issue as to whether the representations were made was submitted to the jury and they found for the plaintiff in the sum of $799.74, the same being the amount of the assessments plus the interest. The trial court, having reserved the right under the statute to control the verdict, subsequently, and upon motion, entered a verdict for the defendant on the ground that the testimony was not sufficient to raise an issue of fact as to the fraud charged. The principal question raised is whether the court was in error in so doing.

1. Plaintiff, in support of its charge of fraud in the declaration, offered the testimony of Mr. Franklin Bushman, its president, who testified that:

"Mr. Badger made the same representations that the lots laid so and so, and he showed them to us on

the plat, and that they had all the improvements except the pavement paid for, free and clear of any incumbrance."

Mr. Frank Bushman, the son, was present in plaintiff's office when the talk was had. He testified that:

"He (defendant) stated that these lots—that they were—he said they had all the improvements in and they were paid for except the paving."

Mr. Stanfield, the broker who negotiated the deal, admitted that he made such representations on behalf of his principal to Mr. Bushman and afterward was present when the defendant made like representations to Mr. Bushman.

Mr. Badger, the defendant, denied that he made such representations. This, therefore, raised a question of veracity between the Bushmans and Stanfield on the one hand, and Badger on the other. This issue was one of fact and the trial court submitted it to the jury, instructing them, in substance, that if they believed the testimony of plaintiff they should give it a verdict for the amount of the assessment plus the interest; that if they believed the defendant's version then they should render a verdict of no cause of action.

We think the trial court was right in submitting the issue to the jury, but we think he was in error in subsequently directing a verdict for defendant. The statement that the "improvements had all been paid for except the paving" was a material statement of fact and if plaintiff relied upon the statement in making the purchase and it was untrue, it was entitled to the verdict which the jury returned. We are also of the opinion that the verdict was not against the weight of the evidence, if plaintiff's version is to be accepted, as it evidently was by the jury.

2. Some discussion is indulged in in the briefs concerning the *quantum* of evidence necessary to make an issue of fact in a case where fraud is alleged. We

see no occasion to discuss this question as the issue was clean-cut, and the testimony was sufficient to carry it to the jury. Either the defendant Badger did or did not make the misrepresentations, and whether he did was a question of fact for the jury and not for the court. The trial court did instruct the jury that:

"Where fraud is used as a basis of an action, the fraud should be established by clear proof before a verdict is returned against one charged with such fraud, and if there is such proof in this case that satisfies you that plaintiff was defrauded in the manner alleged in the declaration, then give the plaintiff a verdict for the sum of $799.74. If you are not so satisfied, the defendant would be entitled to a verdict of no cause for action."

This was fully as favorable to defendant as he was entitled to have given. See *Sweeney* v. *Devens*, 72 Mich. 301; *Walsh* v. *Taitt*, 142 Mich. 127.

3. The point was made on the trial by the defendant that there was a fatal variance between the pleadings and proofs. In the declaration it was alleged that the defendant "took plaintiff's president, Mr. Bushman, to the lots and pointed out the fact that the sidewalks were laid, and stated to him that said sidewalks were laid and paid for." The proofs disclosed that at the time the statements were made the defendant, Mr. Badger, was at Mr. Bushman's office and not at the lots. After the variance was called to the attention of the court plaintiff asked permission to amend the declaration to make it correspond with the proofs. This application was denied. We think it should have been allowed. Sec. 6, chap. 16, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12483); *Charlet* v. *Teakle*, 197 Mich. 426.

The gist of the fraud was the statement that the "improvements were all paid for except the paving." That was the statement defendant came to the trial

to combat, and the fact that defendant was one place rather than another at the time he made the representations was not very important.

The judgment entered by the court must be set aside and one entered upon the verdict of the jury, with costs of this court to plaintiff.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.