GILBERT MARCOTT, ADMINISTRATOR v. MARQUETTE, HOUGH-
TON & ONTONAGON RAILROAD CO.

*Railway injury—Opinion evidence—Fences—Charge.*

In an action against a railway company for the negligent killing of a child upon the track, it was *held* proper for the engineer, when asked why he did not see the child, to testify that the child could not possibly be on the track without his seeing it unless it got on from the ditch on the left-hand side of the engine. This was a matter of knowledge and not of opinion.

A witness who swore to having been in the garden of her house which was by the side of a railway track, for several minutes before a train passed, and that she did not hear any whistle blown, was asked whether the whistle could have been blown anywhere near the neighboring station without her hearing it. *Held* that this question was properly ruled out ; it related to a matter of opinion and common observation and experience upon which the jury could have judged as well as the witness, when she had stated the facts as to distance and the existence of any obstacle.

A jury has a right to disregard the positive testimony of a witness if they are satisfied from other evidence that it is erroneous, even though they do not think it intentionally false.

In an action against a railway company for the negligent killing of a person on the track, it appeared that strangers were in the cab of the engine with the engineer. *Held* that when the place has been described to the jury, and the situation of the several persons, it cannot be said that the engineer might not be permitted to testify that their presence did not interfere with the performance of his duties ; the jury could not judge of this fact as well as the witness.

Where a witness' opinion would be admissible in support of an action, it would be equally admissible against it if it were the other way.

Where there is no statute requiring a railroad company to fence its track for the prevention of personal injuries, a charge that if a fence would have prevented such injury it was negligent not to have had it, is all that can be asked in an action therefor against the company.

Instructions to the jury are rendered immaterial where the jury find that the case does not turn upon the matters discussed.

Error to Marquette.   Submitted June 22.   Decided October 4.

CASE. Plaintiff brings error. Affirmed.

*F. O. Clark* for appellant. A witness cannot swear to mere deductions: *Allen v. B. C. R. & N. Ry. Co.* 11 N. W. Rep. 614; *Lake Superior Iron Co. v. Erickson* 39 Mich 496; *McKean v. B. C. R. & N. Ry. Co.* 7 N. W. Rep. 505; *Hamilton v. Des Moines V. Ry. Co.* 36 Iowa 31.

*W. P. Healy* for appellee.

COOLEY, J. This case makes its appearance in this court for the third time. Decisions in the former cases are reported in 41 Mich. 433, and 47 Mich. 1. On the trial which is now brought under review, the case was submitted to the jury upon the facts, and they returned a verdict for the defendant.

The action was for causing the death of plaintiff's intestate, a child two or three years old, who got upon the track of the railroad, and was struck by a passing train. The train was an irregular train, consisting of a locomotive and a single passenger car, and was moving, as the jury found, at the rate of twenty-four miles an hour. Plaintiff lived very near the track, and there was no fence between the track and his house. Plaintiff was a laborer in defendant's employ. He had two small children, and when he went to his labor in the morning, left them with their mother, who at this time was unwell. The children went out of the house by themselves, and were observed by a neighbor upon the track when the train was approaching. One of them got off in time, and the other was killed. No one appears to have seen them when they went upon the track, and the testimony of the engineer tended to show that they had probably been in a ditch by the side of an embankment on which the track was laid, and that they had come upon the track in haste when they were first observed. The jury negatived any carelessness in the parents in suffering them to go out unattended.

The errors assigned on the record are numerous. The most of them relate to the rulings of the circuit judge in the admission and rejection of evidence. We have examined all

the rulings in detail, and find all which are not particularly noticed hereafter open to no just criticism. Those which seem to call for special remark are noted below.

The action was grounded on alleged negligence. The negligence averred was: *First,* negligent speed in running through the little settlement where the injury took place; *second,* neglect to sound the bell, etc.; *third,* permitting strangers to be in the cab of the engine at the time and to distract the attention of the engineer; *fourth,* running the train without air-brakes; *fifth,* neglect to fence the track. When the engineer was on the stand as a witness for the defense, he was asked why he did not see the children upon the track. He answered, "The children could not possibly be on the track and I not see them, unless they got on from the ditch on the left-hand side of the engine." This was objected to as a mere opinion, but the court held it to be competent. The court was right in this. The engineer was watching the track for obstacles and discovered none. The sweep of vision he could testify to, and if the fact was that the children could not come upon the track without coming within the range of his vision, except by coming from the left-hand ditch, it was entirely proper that he should testify to that fact. It was not matter of opinion, but of knowledge.

But the court is said to have ruled differently on evidence offered for the plaintiff. Mrs. LaCoss, a neighbor of the plaintiff, had testified that she was in the garden by her house for ten or fifteen minutes before the train passed, and that she did not hear any whistle blown. She was then asked: "Could the whistle have blown anywhere near Champion station and you not have heard it?" This was objected to and ruled out. It is contended that a fact was called for in this case just as much as in the other. We do not think so. It might be a fact that Mrs. LaCoss heard or noticed no ringing of a bell, but whether a bell could have rung without her hearing it is another matter altogether. It is probably within the knowledge of every reflecting person that familiar sounds within his hearing often fail to be

noticed by him at all, where the circumstances are such that he has no occasion to notice them. The striking of a clock, and the customary railroad signals, are familiar illustrations : the sound strikes the ear without securing mental attention, and immediately afterwards the person cannot say he heard it at all. If one under such circumstances swears that there was no sound, because if there had been he would have heard it, he testifies very carelessly, unless indeed he had his mind on the signal at the time, and was awaiting it. Such negative evidence is of very little value at the best, and is weakened instead of strengthened by such positive assertions as were sought to be drawn from Mrs. LaCoss in this case. A careful and conscientious witness is not likely to give such testimony.

But the case was one in which the jury could judge as well as the witness herself. When she had given the facts of distance, and whether there was any interfering obstacle, there was no good reason why her judgment of the probability of hearing a whistle should be taken, rather than that of the jury, or why her judgment should direct theirs in a matter which related to a fact of common observation and common experience. They could apply and should apply their own good sense to the case ; and if she had sworn positively there was no bell, merely because she did not notice it, the jury might disregard the statement, if other evidence satisfied them that it was erroneous, without any imputation upon her veracity. Mistakes are too easy and too common in such matters to afford much ground for serious accusation.

The defense was also permitted to show by those who were with the engineer on the engine that their being there did not interfere with his performance of his duties. This, it is also said, was allowing them to give their opinions to the jury. The case, however, is a little different from that of the ringing of the bell. The jury could not be so completely put in the place of the witness, so as to be able to judge whether his presence there was an inconvenience or an impediment. All of the jury, probably, had heard railroad signals, but perhaps none of them had taken a journey

with the engineer on his engine.   It became necessary, there-fore, to describe the quarters, and to locate the several persons in them; and when all this was done, we cannot say that the court might not permit the witness to testify that the presence of third parties caused no interference with the engineer's duties.   Had the witness testified to the contrary, there could certainly have been no question of its competency; and what is competent for one party, must be for the other also.

Several errors are also assigned upon the charge.   Some of these refer to the neglect of the defendant to fence its track at the place of injury.   But on this branch of the case the charge was eminently fair.   We have no statute requiring fences for protection against personal injuries, and the judge charged the jury that if the construction of a fence there would have prevented this accident and saved the child, then it was negligent in defendant not to have had a fence there.   Nothing more could have been asked on that point.

A similar charge was given in respect to the want of air-brakes on the train, but as the jury expressly found that the accident was not attributable to the want of air-brakes, all that the judge said on that subject became immaterial.

Some remarks by the circuit judge to the jury on the subject of contributory negligence are complained of, but they also were rendered immaterial by the express finding of the jury that the parents, who alone were charged with contributory negligence, were in the observance of proper care. And we do not think other questions need special attention.

We find no error of substance in the record, and the judgment must stand affirmed.

The other Justices concurred.