———o———

JEREMIAH C. MEARS v. VALENTINE CORNWALL AND URIAH WISE.

*Trover—Damages—Exemptions—Evidence—Error without prejudice —Nominal damages—New trial.*

1. The question of the exempt character of attached property becomes immaterial where the attachment proceedings prove to be void.

2. Where property was seized under a *void* attachment while in

the possession of a party claiming to be the owner, and was returned to the true owner, as claimed by the plaintiff in attachment, with the consent of such party, who brought trover against the attaching creditor and officer for the value of the property, an instruction to the jury that under no circumstances did the defendants have any right to the property, and that the plaintiff, whether he was the owner, or had the property in his possession by the consent of the owner, could recover, and that if he was owner, and did not consent to such return, the measure of damages would be the value of the property, and interest, but if not such owner, or if consenting to such return, he could only recover nominal damages, and that the burden of proof was on the defendants to show such alleged consent, states the law clearly and correctly, and is not misleading.

3. A plaintiff, on cross-examination, may be examined as to his bias and interest in the case, or any other matter affecting his credibility as a witness.

4. In trover for property seized under a writ of attachment, valid upon its face, and only void because of a defective affidavit, on the discovery of which defect the plaintiff returned the property to the *then* owner, with the consent, as alleged, of the plaintiff in the trover suit, who was in possession at time of its seizure, the attachment proceedings are admissible in evidence as a part of the *res gestæ*.

5. The exclusion of a letter as evidence in behalf of a plaintiff, containing nothing more than the plaintiff had been permitted to testify to, which facts were unchallenged, is not prejudicial error.

6. The admissions of a party, if material to the issue, are always competent.

7. A verdict of no cause of action will not be set aside for mere technical errors, when the result of a new trial must necessarily be a judgment for the appellant of nominal damages, but with costs, under the statute, against him. *Lewis v. Railway Co.*, 56 Mich. 638.

Error to Kalamazoo. (Buck, J.) Argued October 25, 1888. Decided November 28, 1888.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Dallas Boudeman*, for appellant.

*Frank E. Knappen,* for defendants.

Morse, J. The plaintiff brought suit in the circuit court for the county of Kalamazoo in trover for a span of horses. The defendants claimed that the horses belonged to one William Cornwall, and were levied upon for his debt to Valentine Cornwall by the defendant Wise, who was a constable, under a writ of attachment issued out of a justice's court. The verdict of the jury was in favor of the defendants. The court refused a new trial, and entered judgment upon the verdict.

The undisputed facts are that at the time the horses were taken by Wise they were in possession of the plaintiff, who claimed ownership.

The writ of attachment was valid on its face, but the affidavit filed with the justice, upon which the writ issued, was void. The writ was issued January 4, 1887, at which time William Cornwall owned the team. The writ was served by the seizure of the horses January 7. If the plaintiff purchased the team, as he claims, he did so on the 5th of that month. The writ was returnable on January 13. The defects in the affidavit were discovered on that day, and the defendant Wise, by order of the justice, returned the horses to William Cornwall. There was no evidence given, nor any claim made, looking towards damages for the use of the team during its detention. The disputed questions were:

1. Who was the real owner of the horses ?
2. Were they exempt ?
3. Did plaintiff consent that they might be returned to William Cornwall ?

The plaintiff claimed that he bought the team in good faith, and gave his note, payable in September, 1887. When the note became due, he found it in the hands of the father-in-law of William Cornwall. He paid it by

giving a new note, which had not been paid at the time of the trial. He claimed that the good faith of his purchase could not be attacked, because the property was exempt in the hands of William Cornwall, and his creditors were not concerned as to his disposition of it; and, also, that the defendants had no standing in court to impeach the sale, because they had no valid process by virtue of which they could take it. He denied that he consented that the team might be returned to Cornwall. His claim in brief was:

"You took my team without right, and have never returned them. I am entitled to their value, with interest."

The defendants claim that the plaintiff never purchased the horses; that the transfer was a sham to defraud creditors; and that plaintiff consented that the team should be. delivered over to William Cornwall.

The attachment papers being void, the taking of the horses was without right. The question of exemption became, therefore, immaterial. If plaintiff was the owner of the team, he was entitled to recover their value, unless he consented to their delivery to William Cornwall. If he was not the owner, he could not recover their value, especially when they had been returned to the true owner.

The counsel for the plaintiff, on the trial, requested several instructions to the jury, based upon the proposition that the undisputed evidence showed a purchase of the team by plaintiff, and that there was no testimony showing any right in the defendants to take the horses, and that therefore the plaintiff must recover; that the defendants could not relieve themselves of this liability by delivering the team to William Cornwall. These instructions were properly refused.

73 Mich. 6.

Objections are also made to the charge of the court as given, but none of them are tenable. The circuit judge instructed the jury, in substance, that under no circumstances did the defendants have any right to the team, and that the plaintiff, whether he was owner of the team, or had such team in his possession by the consent of the owner, could, in either case, recover. If he was owner, and did not consent to the return to William Cornwall, he was entitled to the full value of the team, with interest. If not owner, he should recover only nominal damages. If owner, and he consented to the return, then he would also be entitled to nominal damages; and that the burden of proof was upon the defendants to show that he did consent. The charge was correct and was clear, and not misleading in any respect.

Errors are assigned upon the admission and rejection of testimony, which we will now notice.

1. The defendants' counsel had a right, upon cross-examination, to examine the plaintiff as to his bias and interest in the case, or any other matter affecting his credibility as a witness. It was therefore competent to show that he knew the attachment was out at the time he claimed to have purchased the team, and that he had aided William Cornwall in other suits that William had with the defendant Valentine Cornwall, by becoming his security.[1]

2. There was no error in allowing the attachment proceedings to be admitted in evidence. The defendants were being sued for the conversion of the horses, and they had the right to show all the circumstances of the taking; that they took them, not maliciously and without

[1] Counsel for plaintiff cited, in support of this objection, *Smith v. Rumsey*, 33 Mich. 183; *Rosenthal v. Scott*, 41 Id. 632; *Buckley v. Wheeler*, 52 Id. 1.

any supposed right, but as the property of William Cornwall, under an attachment writ against him, which was valid upon its face, and only void because of a defective affidavit, which defect they were not aware of until the return-day of the writ, and that, upon discovering such defect, they returned the team to William Cornwall with the consent of plaintiff. They could not plead a right to hold the team under this void process, and they were not permitted to do so by the court. But they had the right to show the writ as a part of the *res gestæ* of the transaction. The court had a right to receive it, as he did, and his charge to the jury explicitly directed them that it was void, and gave the defendants no right to take or hold the team for a moment.

3. On the cross-examination of the plaintiff he was interrogated in relation to his payment for the team. It was developed thereby that he gave his note to William Cornwall, due in September, 1887, and that, after the team was returned to William Cornwall, and when this note became due, he took it up out of the hands of Barna D. Bowers, the father-in-law of William Cornwall, and gave a note to said Bowers for the same amount, which note had not been paid at the time of the trial.

On re-direct he testified, in explanation of this, that he was notified that the note he gave to William Cornwall had been sold before due; that he received a letter to that effect through the mail. The letter was then offered in evidence. It was not received. The letter is set out in the record. It bears date September 2, 1887, and is signed by Bowers. It states, in substance, that the writer holds the note of plaintiff, of date January 5, 1887, for $200, given to William Cornwall, and due in eight months from its date, and wishes to hear from the plaintiff in relation to it.

I can see no harm to plaintiff in the exclusion of this

letter.   It shows no more than this: that the note came
into the hands of Bowers before due, and he notified
plaintiff of such fact, and called his attention to it.
This the plaintiff had testified to, and it does not seem
to have been disputed.   It had no particular bearing
upon any of the questions which concerned the jury, as
it took place long after the transfer, the taking and the
return of the team.   The letter written in September
could not affect the good faith of the plaintiff in his pre-
tended purchase of the team.   It may be claimed that
this letter might have some bearing upon the question
whether or not the plaintiff consented that the team
might be returned to William Cornwall.   But the letter
contained nothing more than the plaintiff had been per-
mitted to testify.   The fact appeared unchallenged for
what it was worth; that the first note turned up before
due in the hands of the father-in-law, and was taken up
by the execution and delivery to him by the plaintiff of
a new note.   The letter showed no other fact.

4. The testimony of Danks and Wise, tending to show
plaintiff's consent to the return of the team to William
Cornwall, was proper.   It was a vital point in the case,
and his admissions were pertinent to the issue, and
receivable.   The admissions of a party, if material to the
issue, are always competent.

5. One Asa Galloway was a witness for the plaintiff in
rebuttal.   On cross-examination questions were put to
him, without objection, if he had not been a witness for
plaintiff in other cases, and if he was not impeached in
a certain case when he appeared as such witness.   He
was also asked if he did not have a suit at one time, in
Kalamazoo, in which witnesses swore that his reputation
was bad.   He answered, "No."   He was then asked if he
did not go to one Mr. Anderson, at the time of that trial,
and ask him if he was going to swear against his repu-

tation for truth and veracity. Objection was made to the materiality of the question. The witness was permitted to answer, and denied having any such conversation. This question was not permissible. But no attempt was made to contradict the witness on this point, and we cannot find that any harm was done to plaintiff by the answer. The putting of the question could not be prevented, and that must have done more harm than the answer. No motion was made to strike this cross-examination out of the case, and no objection was made except to this one question.

6. There is another admitted technical error in the case. Under the charge of the court, and the evidence given, the plaintiff was entitled to nominal damages, one or six cents, which last is the usual verdict. But an examination of the record clearly discloses that the plaintiff consented to the delivery of the team to William Cornwall. No reason appears why, if he was the owner of the property, he could not have obtained it from Cornwall. According to his own testimony Mr. Wise came to his house on the return-day of the writ, and told him the matter was settled up, and he wanted to return the team; and Galloway, who was present with William Cornwall, testifies that Wise wanted to return the team to the real owner, and that the horses were turned over to William Cornwall because Galloway advised Wise he must do so under his order; that Cornwall said that he had no right to them; they belonged to Mears; he did not want them. But Galloway advised him to take them, and Cornwall received them.

William Cornwall was not sworn upon the trial, and it is as clear as daylight, either that Mears did not own the horses, or that he failed to receive them from William Cornwall through his own fault, and for the purpose of bringing this suit. There was no merit in plaintiff's

claim for the full value of the team, under any view of the testimony. The court below presented the case more favorably to the plaintiff in the charge to the jury than the evidence warranted.

We are not disposed to usurp the functions of a jury, but the case is so plain that a verdict for the plaintiff to the full extent of his claim would be set aside at once by any court, and we do not feel called upon to grant a new trial for mere technical errors, when the result of such new trial must necessarily result in a judgment for plaintiff for nominal damages, but with costs, under the statute, against him. The plaintiff was only entitled to nominal damages from his own showing, and the judgment will not be reversed because of the failure to give him six cents damages.[1] *Lewis v. Railway Co.*, 56 Mich. 638 (23 N. W. Rep. 469).

The judgment will stand affirmed, with costs.

The other Justices concurred.

---

[1] In support of this rule the counsel for defendants cited 3 Grah. & Wat. N. T. 1169, 1361, 1362; *Hickey v. Baird*, 9 Mich. 32; *Haven v. Mfg. Co.*, 40 Id. 286; *Lewis v. Railway Co.*, 56 Id. 638; while the counsel for appellant contended for the contrary rule, citing *Farley v. Budd*, 14 Iowa, 289; *Garvin v. Lowry*, 5 Miss. 24.