106   102
s63NW1041
132   ²298

REISER *v.* PORTERE.

1. EVIDENCE—ADMISSIONS ON FORMER TRIAL—CROSS-EXAMINATION.
   Where a witness testifies to certain admissions made by a party to the action when sworn upon a prior trial, the latter is entitled, upon cross-examination, to elicit all of his testimony then given which may tend to explain the statements which he is claimed to have made.

2. EVIDENCE—ADMISSIONS AGAINST INTEREST.
   Statements of a party litigant adverse to his own claim are always admissible, and it is immaterial that the examination with reference thereto is not conducted with the particularity required in cases of attempted impeachment.

3. PARTNERSHIP—PAYMENT—REQUEST TO CHARGE.
   An action for lumber sold was defended upon the ground that plaintiff and another, as copartners, had agreed to furnish the lumber and build a house for defendant for a gross sum, which had been paid. *Held,* that it was proper to refuse an instruction that the plaintiff was entitled to recover if the defendant bargained for the lumber, and if it was used in his house, and had not been paid for, as the request eliminated defendant's theory.

4. CREDIBILITY OF WITNESS—INSTRUCTIONS TO JURY.

The fact that a witness testifies to matters to which he did not testify when sworn upon a former trial of the case does not call for an instruction cautioning the jury' as to his credibility, where he explains that he was not questioned regarding such matters upon the previous trial.

5. INSTRUCTIONS TO JURY—IRRELEVANT STATEMENTS.

Charge of the court examined, and *held* to have submitted the issue involved so clearly as not to warrant a reversal because of the inclusion of remarks which might with pro-priety have been omitted.

Error to Wayne; Brevoort, J. Submitted June 7, 1895. Decided July 2, 1895.

*Assumpsit* by Anthony Reiser against Edward Portere for goods sold. Defendant died pending an appeal from justice's court, and the case was revived in the name of his administratrix, Jane Portere. From a judgment for defendant, plaintiff brings error. Affirmed.

*B. T. Prentis*, for appellant.

*Samuel W. Burroughs*, for appellee.

GRANT, J. Plaintiff sued Edward Portere in justice's court to recover a balance of $153.67 for lumber alleged to have been sold by plaintiff to him, and used in the construction of a house for Mr. Portere. Mr. Portere died after an appeal had been taken to the circuit court. The defense was that Mr. Portere made a contract with plaintiff and one Krebs by which they agreed to furnish the material and build the house for $455, and that he had paid the contract price. Plaintiff gave evidence tending to show that he sold the lumber to Mr. Portere; that he was not in partnership with Krebs; and that Mr. Portere had paid him $100. The defendant gave evidence tending to support her theory. Verdict and judgment were for the defendant.

1. The justice of the peace before whom the case was tried (a witness for the plaintiff) testified that Mr. Portere

testified upon the trial before him that he knew the lumber belonged to plaintiff; that he hauled part and plaintiff hauled part of it; that he paid plaintiff $50 at one time, and $50 at another time, for which he took receipts. On cross-examination, the witness was permitted to testify, under objection, that Portere testified that he had paid the entire bill for building the house, that he let the entire job—work and materials—to Krebs, and supposed that plaintiff was in partnership with him. We find no error in this. The defendant was entitled to the entire statement made by Portere in the trial before the justice, and to show what he said in explanation of his payments to plaintiff. The fact that Portere knew that the lumber came from plaintiff's yard, and that he (Portere) hauled part of it, was as consistent with the defendant's as with the plaintiff's theory.

2. Plaintiff was asked upon cross-examination if he had not stated to certain persons, naming them, that he was in partnership with Krebs in the building of Portere's house. These persons were produced, and testified that plaintiff made such statements to them. It is insisted that these were impeaching questions, and that the time and place were not fixed. Counsel seems to have forgotten the rule that the statements of a party litigant adverse to his own claim and interest are always admissible.

3. Complaint is made of the refusal of the court to instruct the jury that—

"If you find that deceased, Edward Portere, bargained for this lumber, and received it from plaintiff, and used it or had it used in his house, he is bound to pay for it; and, if it has not been paid for, plaintiff is entitled to recover."

The objection to this request is that it eliminates the theory of the defendant. Mr. Portere did bargain for this lumber, and it was used in his house. He claimed to have paid Krebs and plaintiff for it. This request, if given without explanation, would have made him liable, not-

withstanding the partnership or the fact that Portere had paid Krebs the full amount.

4. Complaint is also made of the refusal to give the following request:

"If a witness who was sworn and testified in justice's court testifies differently on the trial in this court, the jury may take that fact into consideration in determining what credit is to be given to that witness, under all the circumstances."

There was no witness to whom this language could apply. Plaintiff insists that it is applicable to one Josie Portere, who was a witness in both courts, and who in the circuit court testified to a conversation with plaintiff to which she did not testify on the trial before the justice. She frankly admitted this, and said that the reason she did not then testify to it was because the question was not asked her. This did not create any reflection upon the credibility of the witness, nor justify the instruction requested.

5. Complaint is made of the oral charge of the court, in that he referred to certain things which were not in the case, and that he gave undue prominence to the testimony on the part of the defendant. Some portions of the charge may be justly criticised, but, at the close, he instructed the jury as follows:

"If you find that there was an agreement by the plaintiff to sell this to the defendant in his lifetime, and that the plaintiff did not enter into an agreement with Mr. Krebs as a partner, whereby they were to divide the profits, then your verdict will be for the plaintiff. If, on the other hand, you believe that he did not sell this lumber to Mr. Portere, that it was to go to Mr. Krebs, and that Mr. Krebs was to build and deliver this house, and turn it over to Mr. Portere for $455, then your verdict, under the law, must be for the defendant. Weigh the evidence carefully, do what is right under the premises, and bring in a verdict in accordance with the law and evidence in this case."

The issue in this case is so simple, the testimony is so brief, and the merits of the case so clear, that we do not

think there is room to hold that the jury were misled by the remarks of the judge, which he might properly have omitted.

The judgment is affirmed.

The other Justices concurred.