MERRILL *v.* LEISENRING.

1. HUSBAND AND WIFE — ALIENATION OF AFFECTIONS — ISSUES — EVIDENCE ADMISSIBLE.
    In an action by a husband for alienation of his wife's affections by means other than adultery, evidence of facts and circumstances tending to prove adultery is not admissible to show the relations of the parties.

2. SAME—LETTERS—ADMISSIBILITY.
    Letters written by plaintiff's wife before the alleged alienation of her affections are admissible for the purpose of showing that on account of plaintiff's conduct she had already ceased to care for him.

Error to Van Buren; Des Voignes, J.   Submitted February 21, 1907.   (Docket No. 131.)   Decided September 20, 1907.

Case by James A. Merrill against David C. Leisenring for alienating the affections of plaintiff's wife.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*W. W. Holmes, James E. Chandler,* and *Harry C. Howard,* for appellant.

*H. T. Cook* and *Thomas J. Cavanaugh,* for appellee.

McAlvay, C. J.    Plaintiff sued defendant for alienation of the affections of his wife and recovered judgment for $4,500.    The declaration in the case was in two counts. The first count charged adultery.    The second count charged alienation of affections by means other than adultery. Upon the trial of the case, plaintiff abandoned the count charging adultery and announced that he would rely only upon the second count.

Defendant was the owner of a fruit farm near South Haven, and plaintiff with his family was a tenant of defendant.    He was hired November 1, 1901, to work this place for one year with the understanding that after the first year he was to continue for two years more, provided they agreed, and either was to have the privilege on notice in case of disagreement to terminate the relation. Defendant had other land where he raised fruit and was engaged in some other business.    He maintained a telephone in the house where plaintiff lived, and during the time plaintiff was employed there frequently took meals with his family, paying his wife for them.    The theory upon which plaintiff's case was tried was that defendant became very friendly and intimate with his wife and frequently went to the house in plaintiff's absence, thereby alienating her affections; that he met her in South Haven and used to take her there in his buggy; that she would go there often to meet him; that these attentions continued after plaintiff moved to South Haven; that his wife separated from him in October, 1904.

The defense was a complete denial of the claims of plaintiff; that plaintiff had always disagreed with his wife; had accused her several years before with criminal intimacy with his cousin, a young man, and that her affections had been alienated from him on account of his own conduct.    The case is here upon writ of error.

It is claimed that the court erred in allowing the plaintiff to testify in the case, by reason of the prohibition of the statute (section 10213, 3 Comp. Laws).  Defendant insists that the election to proceed upon the second count was a subterfuge for the purpose of procuring the testimony of the plaintiff in the case; that certain testimony he gave in the case tended to show adultery between defendant and plaintiff's wife, and that it was so intended.  Plaintiff testified to some length as to preliminary matters and as to defendant's attentions to his wife, and proceeded to state that on March 30, 1903, he went to the house and found defendant in the closet off from the spare bedroom; that he pulled him out.  He testified:

" We did not say very much.  I was going to have him pulled (arrested).  I told him he would pay for this dear sometime. * * * It was the closet off the spare bedroom, and when I went in my wife was in that bedroom."

Counsel for defendant moved to strike out this testimony for the reason that its whole tendency was to show carnal knowledge, and that plaintiff could not testify as to that against his wife.  Plaintiff's attorney stated:

"We do not offer it for that purpose, but simply to show the relationship of the parties."

The motion was denied and defendant excepted.  It cannot be disputed but that the tendency of this testimony was to show adultery between these parties.  Coming from a witness other than the husband it would have been admissible in this case under the first count as tending to show adultery.  If the case had been tried upon that count the husband could not have testified at all.  The proposition is that in a case where alienation of affections is claimed by means other than adultery, the husband, because no adultery is charged, may testify to matters directly tending to show adultery, under an offer that the object of the proof is simply to show the relations of these parties, for the reason that adultery is not the only inference which can be legitimately drawn from this testimony.

While it is true that this court has held that testimony cannot be excluded which is admissible to show a certain fact in a case, because it may have a tendency to show other facts for which it would not be admissible, yet this court has not said, nor are we cited to any authority which holds, that this rule would be recognized where the witness is prohibited from testifying at all as to facts which such testimony may tend to prove. If a husband may testify at all as to facts which tend to show adultery on the part of his wife, where will the line be drawn to limit such testimony ? It must logically follow that he may testify to any and all facts except actual intercourse between the parties. Such a result is contrary to the spirit of every decision of this court sustaining the provisions of the statute invoked. This court has frequently approved this statute on the ground of public policy and as a protection to the marital relation. The settled law of this State is that neither husband nor wife may testify against the other in any case instituted by either in consequence of adultery. Plaintiff urges that this is not a case instituted in consequence of adultery. In form, as the case was tried, this may be true, but in fact the testimony of plaintiff tended to show the adultery of his wife. The first count of the declaration in this case was evidently abandoned for the sole purpose of qualifying the plaintiff as a witness. Whatever the form of the action may be, under the statute a husband or wife is prohibited from testifying to facts tending to show adultery on the part of the other, for the reason that the introduction of such proof of itself shows that the case is instituted in consequence of adultery. Upon no other ground could the testimony be material. All the evidence in the plaintiff's case—his own testimony, the testimony that defendant and his wife were together under the trees in the night, and that defendant went into the wife's stateroom on the steamer, where after a time he was seen dressing himself— tended to prove adultery on the part of the wife. To the ordinary mind, but one conclusion can be drawn, and that

is, the case was instituted in consequence of adultery. The case is clearly within the statute, and plaintiff was not competent to testify as a witness.

As soon as it developed that plaintiff was testifying as to matters tending to show adultery on the part of his wife, defendant promptly objected. His counsel insist that the objection was based upon the statute and was broad enough to cover all of his testimony. Whether it was or not, is not necessary to decide. From this record it appears that he was not a competent witness. As the case must be reversed for the reason already given, attention is called to the question as affecting a new trial. *Carter* v. *Hill*, 81 Mich. 275.

Error is assigned upon the refusal of the court to allow the mother of plaintiff's wife to testify as to the contents of certain letters written to her by plaintiff's wife before the alleged alienation of her affections by defendant, for the purpose of showing that on account of plaintiff's conduct she had already ceased to care for him. These letters were material, but sufficient showing had not been made to allow parol evidence of their contents. The testimony was properly excluded.

Under objection and exceptions by defendant, plaintiff was allowed to introduce proof of facts occurring upon a passenger boat plying between South Haven and Chicago, a year after this suit was brought. It was admitted for the purpose of showing intent on the part of defendant, and the jury were cautioned that it should be considered for no other purpose. The objection was that it was not admissible under the pleadings, and was too remote from the time of commencement of suit. The material part of this testimony tended to prove that defendant, at an early hour in the morning, entered this woman's stateroom and remained there alone with her for a long time; that one of the witnesses looked through the window from the outside and saw them in there; that she was putting on her hat and he was dressing himself. Under the pleading, proof of adultery was not admissible,

because none was charged. *Perry* v. *Lovejoy*, 49 Mich. 529, and cases cited. The reasonable, and practically the only, inference to be drawn from this testimony, is that it tended to show adultery. The court erred in admitting it.

It is not necessary to consider other assignments of error discussed, as the questions are not likely to arise upon another trial.

For the errors pointed out the judgment is reversed, and a new trial ordered.

MOORE, J., concurred with McALVAY, C. J.

CARPENTER, J. I agree with the Chief Justice that the testimony of plaintiff tending to prove the adultery of his wife was inadmissible. I differ with him, however, as to the ground upon which we should place our decision. I think we should place it upon the ground that such testimony does not tend to establish the cause of action—alienation of affections by other means than adultery—set forth in the declaration. In short, under the pleadings, such testimony is inadmissible. This is settled by *Perry* v. *Lovejoy*, 49 Mich. 529. Placing our decision upon this ground makes it unnecessary to determine whether the testimony was prohibited by that part of section 10213, 3 Comp. Laws, which reads:

"In any action or proceeding instituted by the husband or wife, in consequence of adultery, the husband and wife shall not be competent to testify."

Upon that question, therefore, I express no opinion.

Except as above indicated, I approve the opinion of the Chief Justice.

OSTRANDER and HOOKER, JJ., concurred with CARPENTER, J.