MERRILL *v.* LEISENRING.

1. PRACTICE—AMENDMENTS—DISCRETION.
   It is not reversible error, upon a second trial ordered by the Supreme Court, to refuse the plaintiff permission to amend his declaration by adding a count similar to one which he expressly abandoned on the first trial.

2. HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—ADULTERY.
   The fact that adultery might be inferred from acts which appeared in evidence, would not preclude a recovery for the alienation of the affections of the plaintiff's wife by other means.

Error to Van Buren; Des Voignes, J. Submitted November 11, 1908. (Docket No. 100.) Decided June 7, 1909.

Case by James A. Merrill against David C. Leisenring for alienating the affections of plaintiff's wife. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Thomas J. Cavanaugh* and *H. T. Cook*, for appellant.
*W. W. Holmes* and *Harry C. Howard*, for appellee.

MOORE, J. This case has been here before. It is reported in 149 Mich. 423 (112 N. W. 1072). A reading of the opinion will aid in understanding the questions involved in the case now before us.

After the opinion was handed down, plaintiff moved the court for leave to file an amended declaration, by adding a count alleging alienation of affections by means of adultery. After considering this motion from October 15th until the following March, the judge denied the motion, without indicating why he denied it. The case was tried later before a jury. At the close of the testi-

mony for plaintiff, the defendant requested a verdict in his favor. The jury were excused while the motion was argued. At the close of the argument, the judge stated that he thought there was no case to go to the jury, that he did not think it necessary to call the jury in, and that the case might be dismissed. No objection was made by plaintiff's counsel, who was present in open court, to the fact that the jury were not recalled to give a directed verdict, and no exception was filed to such rulings, and in due time judgment was entered thereon, and thereafter counsel for plaintiff duly excepted to the entering of an order on the records of the clerk of the court dismissing said cause. Later a motion was made to vacate the order dismissing the case, for various reasons. Nothing was said in that motion about a new trial. The motion was based upon the files and records in the cause, and upon the stenographer's minutes. The court overruled this motion, and gave his reasons at length, from which we quote all we deem necessary for the disposition of the case:

"At the outset of the case plaintiff announced the abandonment of the count charging adultery in the following language:

"'*Mr. Cavanaugh:* Before the jury is called, if your honor please, I desire to state to the court at this time that we wish to withdraw the first count of our declaration, and elect to proceed upon the second count, and the second count alone; the first count being a count in which adultery is charged, and the second one in which alienation by enticing away is charged.

"'*Mr. Howard:* You abandon the adultery charge, then?

"'*Mr Cavanaugh:* Yes.'

"Plaintiff then proceeded to trial upon the other count securing a verdict and judgment. Defendant appealed to the Supreme Court. In determining the case the court upon that branch of it expresses the following opinion:

"'Plaintiff urges that this is not a case instituted in consequence of adultery. In form, as the case was tried, this may be true, but in fact the testimony of plaintiff tended to show the adultery of

his wife. The first count of the declaration in this case was evidently abandoned for the sole purpose of qualifying the plaintiff as a witness.'

"As this court construes the opinion, after a careful reading, the only occasion for the granting of a new trial was to give the plaintiff an opportunity, if possible, to introduce more evidence upon the count under which they went to trial. It seems to me that the course followed by the plaintiff on the trial was a complete abandonment, a deliberate action by which he should be bound. * * *

"Therefore, in determining and denying plaintiff's offer to amend, the court took the view that the question was not one wherein he could exercise any discretionary power at all. * * *

"Second. Upon a denial of the motion to reinstate the abandoned count the plaintiff proceeded to the second trial under the second count in the declaration. The evidence showed that he and his wife had ceased to cohabit as man and wife in January, after moving on defendant's farm in November before, and no evidence of any kind was offered to prove that between November and January there was any acquaintance between plaintiff's wife and defendant. * * *

"(a) Because had he not wished to have the case dismissed he might have submitted to a nonsuit which he did not do.

"(b) Because the plaintiff did not submit evidence in the second trial that supported his declaration.

"(c) Because under the pleadings and proof the plaintiff failed to make a case, and for the reasons stated the motion is denied."

The case as presented is somewhat anomalous. It is brought here by writ of error, and is presented by counsel as though a motion for a new trial had been made, when in fact none was made, unless it can be said that the motion to vacate the order dismissing the case is in effect a motion for a new trial.

One of the reasons assigned why the order dismissing the case should have been vacated by the circuit judge, is that the court erred in refusing the plaintiff to amend his declaration by adding the new count. The counsel argue that as the court took the view, in denying his motion to

vacate the order, that the question of amendment was not one wherein he could exercise any discretionary power at all, and, as the judge had the right to exercise his discretion, that it was error not to permit the amendment. Section 10268, 3 Comp. Laws, provides:

" The court in which any action shall be pending shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just at any time before judgment rendered therein."

It is apparent that under this statute counsel were not entitled to the amendment as of course. When the application was made, counsel recognized by making it that, as to that feature of the case, plaintiff was out of court. The application was not accompanied by any showing that plaintiff or counsel had labored under any mistake of fact, or that any new facts had been discovered since the plaintiff in open court abandoned the count. There is nothing in what was said by the judge, in refusing to vacate the order dismissing the case, to indicate that, had he been of the opinion he had the discretion to permit an amendment, he would have done so. On the contrary, it appears clearly that he was of the opinion that the plaintiff had deliberately completely abandoned the first count, and had subjected the defendant to the expense of a trial with the count out of the case, and that by his conduct he should be estopped from adding a count which was in effect the same as the one he had deliberately abandoned. We do not think it was reversible error for the judge to refuse the amendment of the declaration, nor to refuse a new trial because he had refused the amendment.

The second reason of the trial judge demands attention. The declaration charges the various acts of the defendant with the wife of plaintiff to have been heretofore, to wit, on the 30th day of March, 1902, and on divers other days and times between that day and the commencement of the suit. The reason referred to was as follows:

"*Second.* Upon a denial of the motion to reinstate the abandoned count the plaintiff proceeded to the second trial under the second count in the declaration. The evidence showed that he and his wife had ceased to cohabit as man and wife in January, after moving on defendant's farm in November before, and no evidence of any kind was offered to prove that between November and January there was any acquaintance between plaintiff's wife and defendant."

The testimony showed many acts from which the inference of an alienation of the affections might be drawn; and, while taken collectively they might also justify an inference of adultery, that inference did not necessarily follow from what was shown, and it is not certain the jury would have drawn said inference. This phase of the case presented a question for the jury, and because of the directed verdict, the case must be reversed.

The judgment is reversed, and a new trial ordered.

MONTGOMERY and MCALVAY, JJ., concurred with MOORE, J.

HOOKER, J. Three questions are involved in this case:

(1) Did the court err in refusing to permit the filing of an amended count?

(2) Did the court err in directing the dismissal of the case and the entry of judgment for defendant?

(3) Did the court err in denying a motion for new trial?

1. Amendment. We are of the opinion that it was within the discretion of the court to grant the motion to amend, and, for that matter, that it was the right of plaintiff to go to trial upon the declaration as originally filed. It may be said that his statement that he abandoned one count on commencing the first trial was equivalent to a consent order that it be stricken from the declaration, but in the absence of such an order, and there being nothing amounting to an estoppel, we are of the opinion that it amounted to no more than an election for that trial, and that after reversal the cause was at issue on the same declaration. The counts are not inconsistent within the

rule of election of remedies. Counsel did not make the latter claim or offer to so try the case. He did except to the refusal to allow an amendment, but this was a discretionary matter with the judge; and, as no reason for denying the motion to amend was given, we cannot say that there was an error of law in such refusal, unless what occurred on the motion filed later shall justify it, which we do not discuss in this connection, but will later.

2. Dismissal of the case: The cause was tried a second time upon the same count as before. The action was case for alienating a wife's affections by various means set up in the count, which made no charge of adultery. The learned circuit judge was of the opinion that all of the testimony tended to prove adultery, and therefore that it did not justify a verdict upon a count not charging adultery. The testimony showed many acts tending to show an alienation of affections; and, while possibly they might collectively justify an inference of adultery, it was by no means a necessary one, and it was not certain that the jury would draw such an inference. Moreover, if they had done so, or if some witness had, on cross-examination, testified unqualifiedly to such a fact, it would not deprive the plaintiff of a right to a verdict on other grounds, if the proof tended to establish such grounds, merely because they culminated in criminal relations. It was therefore erroneous to take the case from the jury upon such a ground. It is claimed, however, that the ruling was right for another reason. It is urged that the testimony showed that the parties ceased to cohabit in January, after moving on defendant's farm in November before, and no evidence of any kind was offered to prove that between November and January there was any acquaintance between plaintiff's wife and defendant. The evidence of plaintiff on cross-examination shows that the parties had not cohabited as man and wife after around about January, 1902, but on his direct he testified that they lived on the defendant's farm until the last of February or first of March, 1904, when they moved to South Haven, and his

wife moved away toward fall. This testimony is not so clear and conclusive proof of an alienation of affections before defendant's acquaintance with plaintiff's wife as to justify the direction of a verdict or the dismissal of the case, which amounted to the same thing, and was so considered, as the judgment shows.

3. Did the court err in denying the motion for new trial? This motion is said not to have been a motion for new trial. The motion was filed April 7, 1908, and was a motion to reinstate the case, to vacate, set aside, and hold for naught an order entered in said cause at the end of plaintiff's case, dismissing and thereby denying plaintiff's right to have the facts in said cause submitted to the jury. Several grounds were alleged, including the refusal to permit the amended declaration to be filed, and the holding that plaintiff had not made out a case, and ordering the dismissal of the case. A number of interesting questions grow out of the proceedings upon this motion. In view of a possible new trial we will discuss some of them. We have seen that the two important questions which were excepted to in the prior proceedings were made grounds for this motion and the right to include such in a bill of exceptions, under the statute (3 Comp. Laws, § 10504), arises. Ordinarily this fact would give rise to no complications, unless a motion for new trial should be used to get before the Supreme Court rulings and errors in refusal to charge not excepted to, or, as in this case, a claim of right to review a discretionary order because of a statement in the denial of the motion that, "in determining and denying the offer to amend, the court took the view that the question was not one wherein he could exercise any discretionary power at all," which fact was not stated at the time the ruling was made. As already indicated, it was within the power of the judge to permit the amendment. Whether he should have done so we cannot say, upon this record; but, had he given the above reason at the time of the denial, we should feel constrained to reverse the cause on the original exception. In the absence

of a full discussion of the subject we hesitate to decide so important a matter of practice, especially as we cannot be certain that the amendment should have been allowed. We, therefore, suggest that the plaintiff may yet move in the trial court to file an amended declaration, if he shall care to do so, when we have no doubt that the court will recognize his authority, and will pass upon the merits of the question. This sufficiently deals with the third question for the purposes of this case.

The judgment should be reversed, and a new trial ordered.

OSTRANDER, J., concurred with HOOKER, J.