MERRILL *v.* LEISENRING.

1. EVIDENCE — ADMISSIONS — ADULTERY — ALIENATION OF AFFECTIONS—HUSBAND AND WIFE—TESTIMONY.

In an action for alienating the affections of plaintiff's wife on two counts, one of which charged adultery, it was prejudicial error to exclude evidence of admissions made by plaintiff while on the stand in a previous trial, and offered in behalf of defendant, tending to show the relation and state of feeling existing between him and his wife prior to the alleged injury, such testimony being excluded because plaintiff could not give evidence as a witness.

2. SAME.

Admissions made voluntarily by a party while testifying as a witness are evidence for the adverse party, and the ordinary motives of conduct are sufficient warrant for its belief, until the contrary is shown.

3. SAME—MODE OF PROOF—WITNESSES.

The official stenographer, or any one else who heard plaintiff testify on the former trial, would be competent to testify to what he said; and the stenographer could use his minutes to refresh his recollection.

4. SAME—REBUTTAL.

All plaintiff's testimony upon the subject would be admissible as explanatory matter.

5. AMENDMENT — DECLARATION — ALIENATING AFFECTIONS OF WIFE.

On the third trial of an action for alienating the affections of plaintiff's wife, the court properly exercised its discretion in permitting plaintiff to amend his declaration by adding a count charging adultery to a count charging that defendant alienated his wife's affections by other means, although on the second trial the court had refused to permit such amendment, and although on the first trial plaintiff had abandoned the first count.

6. EVIDENCE—OPINIONS—CONCLUSION.

The court should have sustained defendant's objection to a question whether or not plaintiff was devoted to his family, as the conclusion of the witness would amount to an opinion on a matter of ordinary observation upon which the jury could have judged as well as the witness when she had stated the facts.

7. SAME.

And the court correctly permitted plaintiff to show conduct of defendant and plaintiff's wife after the commencement of the cause, having a tendency to show friendly but not improper relations.

Error to Van Buren; Des Voignes, J. Submitted April 14, 1911. ( Docket No. 37.) Decided June 2, 1911.

Case by James A. Merrill against David Leisenring for the alienation of the affections of plaintiff's wife. Judgment for plaintiff. Defendant brings error. Reversed.

*W. W. Holmes* and *Harry C. Howard*, for appellant.

*H. T. Cook* and *Thomas J. Cavanaugh*, for appellee.

STONE, J.   This case is here for the third time.   It is first reported in 149 Mich. 423 (112 N. W. 1072).   It is next reported in 157 Mich. 133 (121 N. W. 820).   A reading of the former opinions will aid in understanding the questions involved.

The plaintiff sued defendant to recover damages for alienation of the affections of his wife.   Originally, the declaration consisted of two counts: The first count charged adultery; the second count charged alienation of affections by means other than adultery.   At the first trial the following statement was made by plaintiff's counsel:

" Before the jury is called, if your honor please, I desire to state to the court at this time that we wish to withdraw the first count of our declaration and elect to proceed on the second count, and the second count alone; the first count being a count in which adultery is charged, and the second one alienation by enticing away is charged.

" *Defendant's Counsel:*   You abandon the adultery charge, then ?

" *Plaintiff's Counsel:*   Yes."

Whereupon the trial proceeded.   When the case was first in this court, Justice McALVAY said:

" The first count of the declaration in this case was evidently abandoned for the sole purpose of qualifying the plaintiff as a witness."

Upon the first trial the plaintiff recovered a verdict. The case was reversed and sent back for a new trial, because the evidence tended to prove adultery, which was inadmissible under the declaration.   After the first opinion was handed down, plaintiff moved to amend the declaration by restoring or adding a count charging adultery.   This motion was denied by the circuit judge, without indicating why he denied it.   The case was tried a second time upon the same count as originally.   At the

close of the testimony, defendant moved for a verdict in his favor. The case was dismissed. Later a motion was made to vacate the order dismissing the case for various reasons, one of which was that the court erred in refusing the motion of plaintiff to amend his declaration. The motion to vacate the order dismissing the case was denied, and plaintiff alleged error, and appealed to this court.

Referring to the matter of the proposed amendment, after quoting our statute on amendments (section 10268, 3 Comp. Laws), Justice MOORE, speaking for the majority of the court in the second opinion, said:

" It is apparent that, under this statute, counsel were not entitled to the amendment as of course. When the application was made, counsel recognized by making it that, as to that feature of the case, plaintiff was out of court. The application was not accompanied by any showing that plaintiff or counsel had labored under any mistake of fact, or that any new facts had been discovered since the plaintiff in open court abandoned the count. There is nothing in what was said by the judge, in refusing to vacate the order dismissing the case, to indicate that, had he been of the opinion he had the discretion to permit an amendment, he would have done so. On the contrary, it appears clearly that he was of the opinion that the plaintiff had deliberately completely abandoned the first count, and had subjected the defendant to the expense of a trial with the count out of the case, and that by his conduct he should be estopped from adding a count which was in effect the same as the one he had deliberately abandoned. We do not think it was reversible error for the judge to refuse the amendment of the declaration, nor to refuse a new trial because he had refused the amendment."

Justice HOOKER, in a dissenting opinion concurred in by Justice OSTRANDER, said upon this subject:

"We are of opinion that it was within the discretion of the court to grant the motion to amend, and, for that matter, that it was the right of the plaintiff to go to trial upon the declaration as originally filed. It may be said that his statement that he abandoned one count on com-

mencing the first trial was equivalent to a consent order that it be stricken from the declaration, but in the absence of such an order, and there being nothing amounting to an estoppel, we are of the opinion that it amounted to no more than an election for that trial, and that after reversal the cause was at issue on the same declaration. The counts are not inconsistent within the rule of election of remedies. Counsel did not make the latter claim or offer to so try the case. He did except to the refusal to allow an amendment, but this was a discretionary matter with the judge; and, as no reason for denying the motion to amend was given, we cannot say that there was an error of law in such refusal, unless what occurred on the motion filed later shall justify it, which we do not discuss in this connection, but will later. * * * As already indicated, it was within the power of the judge to permit the amendment. Whether he should have done so we cannot say, upon this record; but, had he given the above reason at the time of the denial, to wit, that he could not exercise discretion, we should feel constrained to reverse the case on the original exception. In the absence of a full discussion of the subject, we hesitate to decide so important a matter of practice, especially as we cannot be certain that the amendment should have been allowed. We, therefore, suggest that the plaintiff may yet move in the trial court to file an amended declaration, if he shall care to do so, when we have no doubt that the court will recognize his authority, and will pass upon the merits of the question."

The case was again reversed on the ground that the trial court should not have dismissed the case, as there was evidence in support of the declaration which should have been submitted to the jury.

Before the third trial in the case, the plaintiff made a formal motion to amend his declaration by adding a count charging adultery. This motion was based upon the files and records in the case, and upon the testimony developed during the first trial of the case. Upon granting the motion, the circuit judge gave the following reasons therefor:

"This case has been heard twice in this court, and is now returned here for a third hearing. On the second

trial I denied the plaintiff's motion to amend his declaration, wherein he asked the reinstatement of the first count of the declaration, because:

"*First.* Plaintiff deliberately abandoned this count alleging adultery on the first trial. It could not be regarded as an election merely, for, as counsel stated, it was abandoned.

"*Second.* Abandonment in the English language, as we understand, is only another term for relinquishment. It seems to me that the record discloses an express abandonment or relinquishment, as the court says, plaintiff was effectually estopped from invoking aid of the court in having such count reinstated. In this reason there appears to have been an error, as the court of review finds that it remains discretionary with the court to permit such an amendment, notwithstanding that which was done by the plaintiff on the former trial.

"*Third.* Defendant makes the point now that even though it was discretionary on the second trial to permit amendment, the court having passed upon the question, the ruling must be *res adjudicata.* It is a sufficient answer to quote the language of Justice HOOKER:

"'We, therefore, suggest that the plaintiff may yet move in the trial court to file an amended declaration, if he shall care to do so, when we have no doubt that the court will recognize his authority and will pass upon the merits of the question.' [157 Mich. 139].

"For this reason given, the plaintiff is given leave to file an amended declaration."

To this ruling defendant duly excepted. The declaration was amended, and the case was tried a third time upon both counts. Upon the last trial, the plaintiff recovered, and the defendant brings the case here upon writ of error. There are 33 assignments of error. They are discussed by defendant under the following heads:

"(1) Did the court err in refusing to permit the defendant to show the admissions made by the plaintiff upon the first two trials?

"(2) Did the court err in permitting the plaintiff to amend his declaration after the opinion of the Supreme Court in 157 Mich. 133 (121 N. W. 820)?

"(3) Did the court err in ruling upon the admission or rejection of evidence?

"(4) Errors in the charge of the court and in refusals to charge."

We will consider these questions in the order above indicated.

1. Upon the second trial of the case, the plaintiff testified in his own behalf. In the course of his testimony he used the following language:

"My wife and I have not cohabited as man and wife since January, 1902, or around about January, 1902. I moved on the Leisenring farm in November, 1901."

In denying the motion to set aside the order dismissing the case, and in speaking of the second trial, the circuit judge said:

"The evidence showed that he and his wife had ceased to cohabit as man and wife in January, after moving on defendant's farm in November before, and no evidence of any kind was offered to prove that between November and January there was any acquaintance between plaintiff's wife and defendant."

The plaintiff also testified upon the second trial to certain matters relating to the conduct of his wife with one Delbert Geesey, and relative to the plaintiff's relations with one Gertie Welch, who was related to his wife. The defendant sought to show the statements made by the plaintiff upon the former trial relating to the above subjects, claiming that they were admissions against the interest of the plaintiff, and that it was competent for the defendant to show what the plaintiff had testified to, as above indicated. This was objected to by plaintiff's counsel, and a number of pages of the record are filled with a colloquy between court and counsel upon the subject, resulting, however, in the following ruling made by the court:

"If the court in this instance should permit any witness to testify to what the plaintiff said upon the former trial upon the witness stand, I have no doubt in my mind but what the plaintiff himself would be entitled to take

166 MICH.—15.

the witness stand and make any explanation; and, when you have done that, you have gotten into the record the very things that the statute prohibits. And I am very much of the opinion, gentlemen, that, so far as that question is concerned, the court should rule as I have indicated, and likewise upon this question that rule applies: that is, that whatever the husband may have said to others in relation to that matter, and as to what he desired to have done, would indirectly bring before the jury and into the record in this case the very things that, under the statute, are prohibited. And for that reason I sustain the objection. * * * If it was outside of that record, and outside of what occurred there, I think the matter may be gone into, but so far as the record is concerned that was tried, and this is one of my reasons, Mr. Howard, for making that ruling: That that case was tried upon a certain theory. Under the theory in that case, it was proper for the husband to take the witness stand and testify to certain things. Now, under the count which has been reinstated in this case, he is prohibited perhaps. However that may be, the theory upon which that case was tried and this are different, and it seems to me that, under the statute, this case should be tried with reference to the pleadings as they now stand— in other words, a trial *de novo*. Any admissions that the plaintiff may have made outside of the record in this case on trial, of course, you would be entitled to show, because you would have been entitled to show that in the first instance, had it occurred in that event."

Defendant's counsel:

"Well, we would like the benefit of an exception to that portion of the court's ruling that prevents us showing admissions that he may have made in court, or elsewhere, although the court says that elsewhere we may show, but I mean we want an exception to that portion of the court's ruling that prevents our showing admissions he made while upon the stand."

We think that this ruling was erroneous. The testimony offered was material, at least upon the question of damages, and should have been received. It is no answer to the offer of this evidence to say that the plaintiff cannot testify as a witness.

For years in this State, before parties were permitted

to testify in their own behalf, it was as competent as it is now to show admissions made by the parties to the record whether those admissions were made while testifying as a witness, or were made upon the streets. Such statements are evidence for the adverse party. Where a man voluntarily admits a fact against his interest, the ordinary motives of human conduct are sufficient warrants for its belief. And it is only fair to presume until the contrary is shown that it is correct. If the testimony is of such a character as to constitute an admission of the party, it is not necessary to lay the foundation for its reception, or even to cross-examine the party on the subject. In this case the plaintiff had testified in his own behalf. It is an elementary doctrine that testimony given by a party containing material admissions is always competent against him in any action, whether the same may be given orally or in written answers and interrogatories propounded. 1 Enc. Ev. p. 481. This court has held that the affidavit of a party to a suit, and that of his solicitor, made at his request and filed in the cause, may be used as an admission against the party in another suit, and that one of the parties to an action may avail himself of the admissions made by the other, when sworn as a witness in his own behalf, without being bound by other portions of his testimony. Of course, it would be competent for the plaintiff to prove by any competent evidence either that no such statement was made, or that it was so qualified at the time as to change its meaning. The admissions of a party, if material to the issue, are always competent.

The official stenographer, or any one else who heard the plaintiff testify upon the former trial, would be competent to testify to what he said; and the stenographer may use his minutes taken on the former trial, for the purpose of refreshing his recollection as to what the plaintiff testified to; and all that was testified to by the plaintiff upon the subject would be competent as explanatory matter. *Toohey* v. *Plummer*, 69 Mich. 345–350 (37 N. W. 297); *Barker* v. *Hebbard*, 81 Mich. 267 (45 N. W. 964). We

content ourselves upon this general subject by citing the following cases in this court: *Mears* v. *Cornwall,* 73 Mich. 78–84 (40 N. W. 931); *Lilley* v. *Insurance Co.*, 92 Mich. 153–158 (52 N. W. 631); *Reiser* v. *Portere,* 106 Mich. 102–104 (63 N. W: 1041); *Liesemer* v. *Burg,* 106 Mich. 124 (63 N. W. 999); *Cornelissen* v. *Ort,* 132 Mich. 294 (93 N. W. 617); *Detroit, etc., Power Co.* v. *Applebaum,* 132 Mich. 555 (94 N. W. 12); *Bennett* v. *Wallace,* 165 Mich. 66 (130 N. W. 188); Jones on Evidence, § 237, and cases cited. We are constrained to say that the ruling of the circuit judge upon this subject was reversible error.

2. This brings us to the question: Did the court err in permitting the plaintiff to amend his declaration? It will be observed that the motion to amend before the last trial was not of course, but upon showing. The motion was supported by the records and files, and the testimony developed during the first trial of the case. It will be remembered that the case was first reversed upon the ground that the evidence tended to show adultery. The record shows that this motion was made before the trial judge who had tried the case before, and must have been more or less familiar with the evidence.

When the' case was last here, Justice MOORE, speaking for the majority of the court, said:

" We do not think it was reversible error for the judge to refuse the amendment of the declaration."

This was very far from saying that it would have been error to allow the amendment. We are of opinion that the trial judge, in the exercise of his judgment and discretion, had the right to permit the amendment to be made, and that in so doing, under our broad statute, and under the circumstances in the case, as they appeared to him, there was no abuse of discretion, and in his ruling there was no error.

3. This brings us to the question: Did the court err in ruling upon the admission or rejection of evidence? As

the case must go back for a new trial, we will call attention to such alleged errors in the admission of testimony as may aid in the retrial of the case.

The witness Betty Leach was interrogated as to the conduct of the plaintiff in his family. After testifying that she had seen the husband, wife, and children together frequently, she was asked by plaintiff's counsel the following question:

"You may state whether or not he was devoted to his wife and children."

This question was objected to for the reason that it called for a conclusion. The court permitted the answer and an exception was taken. We think that, when the witness had testified to the facts, the examination should have ceased there. The question objected to related to a matter of opinion and common observation, upon which the jury could have judged as well as the witness, when she had stated the facts. *Marcott* v. *Railroad Co.*, 49 Mich. 99 (13 N. W. 374); *Zube* v. *Weber*, 67 Mich. 52 (34 N. W. 264); *Atherton* v. *Village of Bancroft*, 114 Mich. 241 (72 N. W. 208); *Sterling* v. *City of Detroit*, 134 Mich. 22 (95 N. W. 986); *Comstock* v. *Township of Georgetown*, 137 Mich. 541 (100 N. W. 788). Were this the only error in the record, we should not deem it sufficiently important to warrant a reversal of the case.

Another error complained of was in the ruling of the court allowing admission of testimony of conduct of the defendant and plaintiff's wife after the date of commencement of suit. The suit was commenced on December 21, 1904, and plaintiff was permitted, over objection and exception, to show conduct of the parties, not necessarily tending to show adultery, as late as the month of September, 1905. We are of opinion that this evidence was admissible under the holding of this court in *Matthews* v. *Journal Co.*, 123 Mich. 608 (82 N. W. 243). That was an action for libel in charging that plaintiff, a married woman, and one A. on a certain day were found in a hay-

mow in a compromising position, where the evidence tended to show that on the day named the parties were discovered in the barn under circumstances calculated to arouse suspicion, and that there had been previous acts of intimacy, and evidence that three months later plaintiff and A. were seen together at another place, embracing and kissing each other, was held admissible. We call particular attention to the quotation from *Thayer* v. *Thayer*, 101 Mass. 111 (100 Am. Dec. 110), contained in the opinion of Chief Justice MONTGOMERY in that case, as well as to the other authorities cited. We also call attention to the later case of *People* v. *Brown*, 142 Mich. 622 (106 N. W. 149). In that case Justice HOOKER reviewed the authorities upon this subject, and concluded by using this language:

"From this review of Michigan cases, it would seem that the *Jamieson Case* is the one most nearly in point, and that apparently a distinction has been attempted between testimony showing subsequent sexual intercourse, and that showing other friendly relations."

The ruling in the instant case arose upon the offer of testimony tending to show friendly relations between the defendant and plaintiff's wife, and not an attempt to show sexual intercourse. We think there was no error in the reception of this evidence.

Numerous other errors assigned, which we have not specifically treated, have all received careful consideration.

4. We find nothing in the charge of the court, taken as a whole, or in the refusals to charge as requested, which require special comment. The case seems to have been fairly submitted to the jury in a very full charge in which the questions involved were properly treated.

For the errors pointed out, however, we feel constrained to reverse the case, and grant a new trial.

OSTRANDER, C. J., and BIRD, HOOKER, and BLAIR, JJ., concurred.