## George Nelson, Appellant, *v.* Thomas D. Steen.

*Contract—Fraud—Master and servant—Mines and mining—False scales.*

Where a miner is paid a certain sum for a specified number of pounds of coal mined, he cannot, in an action of trespass against his employer to recover a sum in excess of what he had been paid, maintain his action without clear and satisfactory evidence that the employer knowingly and fraudulently used false weights with intent to cheat and defraud the employee.

Argued Nov. 4, 1898. Appeal, No. 73, Oct. T., 1898, by plaintiff, from order of C. P. No. 3, Allegheny Co., Feb. T., 1897, No. 587, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass. Before KENNEDY, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall*, with him *Thomas M. Marshall*, for appellant.—A party defrauded in a bargain, on discovering the fraud, may either rescind the contract and demand back what has been received under it or he may affirm the bargain and recover damages for the fraud: Pearsoll v. Chapin, 44 Pa. 9; Cooley on Torts, p. 503; Masson v. Bovet, 1 Denio, 69; Herrin v. Libbey, 36 Me. 350; Cook v. Gilman, 34 N. H. 556; Wright v. Peet, 36 Mich. 213; Hammond v. Stanton, 4 R. I. 65; Govett v. Radnidge, 3 East, 62; Heastings v. McGee, 66 Pa. 384.

*J. Charles Dicken*, for appellee.—Fraud is never presumed, but must be made to appear by competent proof. Cooley on Torts, p. 499, says: "In a court of law when the plaintiff counts upon a fraud, he must establish it by his evidence, and if he fails in so doing, he must go out of court, even though it is manifest that upon the facts he is entitled to substantial redress in another forum."

The claim of the plaintiff was founded on contract. He was paid every two weeks his contract earnings, which he received and receipted for, and if a mistake in the weight of the coal mined by plaintiff existed, entitling plaintiff to more money, his remedy was in assumpsit, and not in trespass, and for that reason the nonsuit should stand.

Plaintiff's claim is stale. If he was entitled to recover in trespass for fraud, he should not have slept on his rights, but should have acted more promptly; laches is fairly imputable.

The time covered by plaintiff's statement is less than fourteen months, but say sixty weeks in all, which, when multiplied by thirty-five cars every two weeks, gives 1,050 cars,

multiplied by 240 pounds per car, the weight alleged to be unpaid for by this suit, gives 126 tons of coal, at sixty-nine cents per ton (the contract price), and we have $86.94; and if not more than half time was made, as the evidence warrants, the result is $43.47, for the recovery of which this suit is brought, and a claim of $2,500 made.

OPINION BY MR. JUSTICE MCCOLLUM, October 6, 1899:

This suit is based on an alleged fraud of the defendant upon his employees engaged in mining coal under an agreement which allowed to each. employee sixty-nine cents for every 2,200 pounds of screened lump coal which he mined. It was understood by the parties to this agreement that no more than 2,200 pounds of coal when screened should be placed on any car or pit-wagon of the defendant used in bringing the coal, when mined, to the surface, and that if more coal was loaded into such car or pit-wagon the miner would not receive pay for the excess. The 2,200 pounds was the limit of the weight of the scales which when in use were open to the inspection of any person interested in the operation of them. The amount due each miner for his labor under the agreement was paid every two weeks, and he then gave his receipt for it. The miners made no complaint to the defendant of inaccuracy in weights, and it was never intimated to him that there was such inaccuracy until July 5, 1894, when Lattimer, the miners' check weigher, alleged that he had discovered an inaccuracy in the weights prejudicial to the interests of the defendant's employees. Upon this allegation James Blick, the mine inspector whose duty it was to inspect the scales, was sent for. He promptly responded to the call and upon examination and inspection of the scales he found them to be correct. About two weeks after his first examination he was called by Lattimer to make another inspection which resulted in their conclusion that the scales were incorrect.

The plaintiff in the case under consideration instituted an action of trespass for the recovery of $2,500 to compensate him for the loss he claims to have sustained by the alleged fraudulent act of the defendant. What he would have been entitled to if he had sustained the action instituted as above stated was sixty-nine cents on every 2,200 pounds of coal which he had

mined and had not been paid for. If his own account of the work he had done for the defendant in mining coal from the last of May, 1893, until the 24th of July, 1894, is accepted as true, the amount due him from the defendant for the coal he mined in excess of the coal he was paid for would be less than $90.00, and probably not more than half that sum. His testimony relating to this subject was unsatisfactory, because he was unable to furnish any memorandum or data in corroboration of it, or to specify from recollection what portion of the time between the last of May, 1893, and the 24th of July, 1894, he was engaged in mining coal for the defendant, and during what portion of it he was out of employment.

When the testimony on the part of the plaintiff was closed a motion was made for a compulsory nonsuit on the ground that it was not shown that the defendant knowingly and fraudulently made use of false weights. The nonsuit was granted, and the court, upon full hearing and consideration, refused to take it off. It is obvious that under the pleadings in the case there could be no recovery of the sum which the plaintiff alleged was due to him from the defendant, without clear and satisfactory evidence that the latter knowingly and fraudulently used false weights with intent to cheat and defraud him and his coemployees. In the absence of such evidence it was the plain duty of the court to enter and affirm the nonsuit.

Insinuations and suspicions are not evidence, and strictly speaking they have no place in it. They certainly do not constitute a proper basis for a verdict in accordance with them. In this case, however, they appear to have been regarded by the plaintiff and his supporters as important factors and influential aids in the prosecution of his claim. That the miners employed by the defendant during the period defined in the plaintiff's statement were suspicious that their employer was cheating and defrauding them by the use of false weights, while they were regularly receiving from him full payment of the amounts they supposed they were respectively entitled to for their work the two preceding weeks, and expressed no dissatisfaction with the treatment they received is, to say the least of it, a singular circumstance. Another circumstance worthy of note is that this suit was not brought by the plaintiff until two years and four months after the defendant ceased to employ him. Aside

from these and other circumstances mentioned herein, a careful examination of the evidence has convinced us that the court did not err in entering the nonsuit.

Judgment affirmed.