## SMITH *v.* ELLISON.

### Opinion delivered November 5, 1906.

1. FRAUDULENT CONVEYANCE.—EXECUTION OF TRUST.—Though a parol express trust is not enforcible against an unwilling trustee, yet when property is conveyed by absolute deed with verbal directions that it be held in trust for some lawful purpose, there is a moral obligation on the part of the grantee to perform his trust or surrender the property; and if he elects to perform the trust by conveying the trust property to the beneficiary, his creditors have no right to complain. (Page 450.)

2. Insolvency—Evidence.—The mere fact that there are unsatisfied judgments against a defendant is not sufficient proof of his insolvency. (Page 450.)

3. Fraudulent conveyance—Necessity of judgment lien.—While a creditor may go into equity to set aside a fraudulent conveyance of land upon showing that he has a judgment which is a lien on the land conveyed, even though no execution has been issued on the judgment, he can not resort to such remedy against one not shown to be insolvent where his judgment lien has elapsed. (Page 451.)

Appeal from Garland Chancery Court; *Leland Leatherman*, Chancellor; affirmed.

*Wood & Henderson,* for appellant.

1. The deed from Wm. Sumpter to Sumpter Land and Improvement Company was fraudulent and void as to his creditors. They had obtained judgments at the time the deed was executed, which were unsatisfied. The land was worth from five to six thousand dollars; but the consideration expressed in the deed was only ten dollars, according to the evidence twenty-five dollars. 41 Am. Rep. 756; 15 Pac. 635; 14 Am. St. Rep. 739; 6 Md. 72; 76 N. C. 82; 50 Ark. 42; 55 Ark. 59; 55 Ark. 116; 48 Ark. 424; 73 Ark. 179; 73 Fed. 327; 21 S. W. 847.

2. The attempted gift from John J. to O. H. Sumpter was fraudulent and void as to the creditors of John J. Sumpter. He was the agent for Wm. Sumpter in collecting rents and paying taxes on the land. He could not permit the land to go delinquent and then acquire title in himself by the payment of the delinquent taxes, penalty and costs. 69 Ark. 539; 42 Ark. 215; 55 Ark. 105; 42 Ark. 531; 40 Ark. 42; 44 Ark. 504. If, notwithstanding his relationship, Jno. J. could have acquired a tax title to the property, still his attempt to do so was futile because the clerk failed to give and record the notice required by statute. 68 Ark. 248; 61 Ark. 36; 55 Ark. 218.

3. O. H. Sumper did not acquire title by the statute of limitations. Two elements are lacking in the proof, namely: continuous possession and adverse possession for the length of time required by law. 27 Ark. 77; 49 Ark. 266; 48 Ark. 227.

4. The deed from James Sumpter to William Sumpter was an absolute conveyance reciting a consideration of $700 paid, and receipt acknowledged in the deed. A trust can not be en-

grafted on such a deed. Kirby's digest, § 3666; 50 Ark. 71; 67 Ark. 526; 73 Ark. 310.

*C. V. Teague,* for appellee.

1. That James Sumpter made the deed to Wm. Sumpter to hold for himself (James) or his heirs is sustained by the evidence and the circumstances proved in the case. The conveyance was in reality a gift. To take the gift out of the statute (Kirby's Digest, § 3666) it was not necessary for the children to have paid part of the purchase money. 70 Ark. 145. Wm. Sumpter never claimed to be sole owner, but treated the conveyance as being to all the heirs alike, and for forty years never set up any stronger claim in himself. As to him the conveyance will be held to have been in trust. 52 Ark. 473.

2. Proof of title by limitation is complete. Possession of O. H. Sumpter, his wife, and the Sumpter Land and Improvement Company is shown to have been actual, notorious, adverse and continuous for more than seven years. Two years' possession under a void tax sale gives the purchaser protection. 20 Ark. 508; *Ib.* 542; 21 Ark. 373. Actual residence upon the land or continuous ocupancy is not necessary. Adverse holding may be established by acts and declarations that show a visible, open and exclusive possession. 30 Ark. 640. See also 40 Ark. 243; 71 Ark. 117; *Ib.* 388; *Ib.* 390; 33 Ark. 150; 38 Ark. 182; 34 Ark. 598; 12 Ark. 829.

3. On the question of fraud: An allegation in general terms that a conveyance was made to defraud creditors is not sufficient. The facts constituting the fraud must be alleged and proved. 51 Ark. 390. Existence of unsatisfied judgments is not sufficient. The creditor must show a cause of action that accrued prior to the conveyance and the inability to find property out of which to make the debt. 31 Ark. 546; 11 Ark. 411. See also 74 Ark. 167; 26 Ark. 23; 63 Ark. 412; 51 Ark. 390; 56 Ark. 481.

RIDDICK, J. This is a suit in equity by J. A. Smith and other creditors of John J. and William Sumpter to set aside certain conveyances of land made by them and to subject the lands to the payment of the judgments which the respective plaintiffs had recovered against these defendants.

80—27

The land in controversy originally belonged to James Sumpter, the father of John J. and William Sumpter. In September, 1861, he conveyed it to his son, William Sumpter. This deed recites a consideration of seven hundred dollars, but William Sumpter testified that he paid nothing for it, and that his father, in apprehension of danger of being slain during the war then raging, conveyed it to him as his eldest child to be held in trust for the benefit of the children of his father, including, besides himself and John J. Sumpter, two sisters, who are parties to this action.

Counsel for the creditors contend that this was not a valid trust under our statute, and that the land must be treated as the property of William Sumpter. It is true that this parol trust can not be enforced against William Sumpter, the grantee named in the deed, yet there is nothing either in law or equity that will prevent him from executing the trust if he chooses to do so. While the law for good and sufficient reasons refuses to permit an express trust to be added to or engrafted upon a deed absolute in form by parol evidence alone, yet when property is conveyed by a grantor by absolute deed with directions that it be held in trust for some lawful purpose, there is a moral obligation on the part of the grantee to perform his trust or surrender the property, though the law will not compel him. If, however, he elects to do that which in good conscience he ought to do, the courts will protect him in so doing, and, so far as possible, will protect the beneficiaries in the executed trust. A conveyance of the trust property by the trustee to the beneficiary under such circumstances would not be a fraud upon his creditors, for the creditors have no legal right to ask him to hold property to which he has no moral right. 28 Am. & Eng. Enc. Law, 877; *First National Bank of Appleton* v. *Bertschy,* 52 Wis. 451.

But, while it is true that the evidence shows that William Sumpter never at any time claimed more than an heir's interest in this land, and that he has always recognized the interest of his brother and sisters therein, yet, as an express trust can not be added to an absolute deed by parol evidence, it is necessary to make out a case for relief against William Sumpter before the conveyance of this land made by him can be set aside.

The judgments held by the plaintiffs in this case were rendered not only against John J. Sumpter but against William

Sumpter also. In order to entitle plaintiff to come into a court of equity to set aside a conveyance made by William Sumpter, it must be shown that plaintiffs have exhausted their legal remedies against him. But there is nothing to show insolvency of William Sumpter, beyond the fact that there are several unsatisfied judgments against him. It is not shown that any execution has ever been issued on either of these judgments, or that any effort has been made to collect or enforce them, and the mere fact that there are unsatisfied judgments against a defendant is not, under our decisions, sufficient to show that he is insolvent. *Euclid Ave. Nat. Bank* v. *Judkins,* 66 Ark. 486; *Davis* v. *Insurance Co.,* 63 Ark. 412; *Clark* v. *Anthony,* 31 Ark. 546.

There are cases that hold that a creditor may go into equity to set aside a fraudulent conveyance upon showing that he has a judgment which is a lien on the land conveyed, even though no execution has been issued on the judgment. *Hunt* v. *Wiener,* 39 Ark. 70. But the judgments set up by the plaintiff in this action were all rendered more than three years before this action was commenced. It is not shown that they were ever revived, and under the statute the lien of the judgment expired before this action was commenced. Plaintiffs then have no lien on the land which equity can enforce against a defendant not shown to be insolvent.

For these reasons we are unable to say that the chancellor erred in dismissing the complaint for want of equity.

Judgment affirmed.