## Ruby & Company v. Jamison et al.

(Decided May 4, 1911.)

### Appeal from Hopkins Circuit Court.

Fraudulent Conveyance Alleged—Failure of Proof—Charge not Supported by the Proof—In this action to set aside an alleged fraudulent conveyance of land held that fraud is never presumed but like any other fact must be proven. The facts shown fail to support the charge that a fraud was perpetrated upon appellant's and the lower court correctly so held.

W. D. ORR for appellants.

GORDON, GORDON & COX for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This suit was instituted by the appellants in the Hopkins Circuit Court to set aside a deed conveying a tract of land to appellee W. R. Jamison, and subject it to the payment of their debt. The facts, as appear from the record, are as follows: D. L. Jamison was indebted to appellants in the sum of $112.95, evidenced by his promissory note. Shortly before his death one L. McGraw and his wife conveyed to appellee, W. R. Jamison, son of D. L. Jamison, the tract of land in question. It is charged in the petition that the money for this tract of land was furnished and paid by D. L. Jamison, but, for the purpose of defeating appellants in the collection of their debt, the title was taken to his son, W. R. Jamison, the appellee.

These allegations setting forth the fraud were traversed in the answer. Proof was taken by appellants and

the following state of facts developed: D. L. Jamison was the uncle by marriage of L. McGraw, the owner of the land in question. McGraw and D. L. Jamison had a business relationship, extending through many years, and during this time Jamison lived upon and controlled this farm. It is alleged to have contained 154 acres. The deed whereby it was conveyed to appellee recites that $3,790 was cash paid, and that $1,600 was to be paid in satisfaction of a certain note, known as the Lindsay note. For several years prior to his death the farm was listed for taxation by D. L. Jamison. He was survived by three children, appellee and two brothers. About the time this action was instituted, appellee conveyed to each of his brothers a portion of said land, estimated to be one-third in value.

When the foregoing state of facts had been proven by appellants, they introduced appellee and had him sworn in their behalf. He testified that the real consideration for the place was $3,600; that $2,000 of it was cash paid and $1,600 was to be paid, and that this was represented by the Lindsay note; that the actual number of acres in the farm was 138; that he got $1,600 from a bank, that he had on hand $400, and that this constituted the actual cash payment made to his vendor for the land; that these cash payments were made by check; that his two brothers obligated themselves to assist him in repaying the borrowed money and in paying off the indebtedness, and that under this arrangement with them, he deeded to them each, land representing in value one-third of the farm.

This was all the evidence introduced. There is not a scintilla of evidence showing, or even tending to show, that D. L. Jamison ever owned the land or had any claim to ownership, or that he furnished any part of the purchase price thereof. There are facts and circumstances which show that the relationship between L. McGraw and D. L. Jamison was close enough to justify the court in scrutinizing closely this transaction if it had been between them; but it was not. Appellants insist that D. L. Jamison in fact paid the purchase price. Possibly he did; but there is no evidence showing this fact. The pleadings state that he was insolvent for many years prior to his death, and this allegation does not comport with the further allegation that he paid

$3,790, or any other sum, on the purchase price of this land.  On the other hand, appellee's testimony is clear and positive to the effect that he bought the land, paid $2,000 in cash on it, and owes the balance.  The arrangement under which he conveyed to his brothers each a portion of the farm is satisfactorily explained and is altogether reasonable.  Fraud is never presumed, but, like any other fact, must be proven.  The facts, as developed, fail to support the charge that a fraud was perpetrated upon appellants, and the lower court correctly so held.

Judgment affirmed.