[Civil No. 1797.   Filed November 3, 1920.]

[192 Pac. 1114.]

# W. J. KINGSBURY, Appellant, v. CHARLES B. CHRISTY, Trustee of the Estate of PHOENIX HARDWARE COMPANY, a Corporation, Bankrupt, Appellee.

1. FRAUDULENT CONVEYANCES — BURDEN OF PROVING FRAUD IS ON PLAINTIFF.—In a suit to set aside a conveyance as in fraud of creditors, the burden of proving fraud is upon plaintiff, who must overcome the presumption of honesty and legality that prevails in favor of ordinary business transactions.

2. FRAUDULENT CONVEYANCES — RETRANSFER BY DEBTOR GRANTEE OF PROPERTY TRANSFERRED FOR CONVENIENCE NOT FRAUDULENT.— Where an attorney and banker has conveyed certain realty to his mother-in-law in order to facilitate his business transactions, with the understanding that the property should be retransferred at any time upon his request, a retransfer so made cannot be said to be fraudulent as against the mother-in-law's creditors, she not being a fraudulent grantee.

3. TRUSTS—PROPERTY TRANSFERRED FOR CONVENIENCE WITHOUT CONSIDERATION HELD TO CREATE A TRUST.—Where an attorney and banker conveyed realty to his mother-in-law for convenience in transacting his business without consideration and under an understanding that the property should be retransferred on request, a trust was created, and the superior right to the property remained in the original transferrer.

4. FRAUDULENT CONVEYANCES — MORAL OBLIGATION TO RETRANSFER HELD SUFFICIENT CONSIDERATION.—Where a son-in-law has transferred property to his mother-in-law for convenience in transacting his business without consideration and under an agreement to reconvey upon request, the moral obligation of the mother-in-law to retransfer the property is a sufficient consideration as against a contention that the conveyance was voluntary.

5. FRAUDULENT CONVEYANCES—DEBT HELD NOT RESULT OF EXTENDING CREDIT TO HOLDER OF LEGAL TITLE TO PROPERTY SUBSEQUENTLY CONVEYED.—Where a stockholder was called upon for an assessment by the referee in bankruptcy of the corporation, and the stockholder subsequently conveyed to her son-in-law realty which he had conveyed to her for convenience in the transaction of his business, the transaction whereby the stockholder became indebted

---

1.   Cases on the presumption that voluntary conveyance is in fraud of creditors are collected in note in 119 Am. St. Rep. 556,

for the assessment *held* not an extension of credit to such stock-holder on account of the legal title to the property standing in the stockholder's name.

6. FRAUDULENT CONVEYANCES—FINDING OF FACTS HELD NOT SUFFI-CIENT TO SUPPORT JUDGMENT SETTING ASIDE FRAUDULENT CONVEY-ANCE.—In a suit to set aside a conveyance as in fraud of credi-tors based upon defendant grantor's obligation as a stockholder in a bankrupt corporation, a finding that the alleged fraudulent grantee was in fact the person so indebted *held* insufficient to sup-port a judgment that a transfer of realty by the stockholder to such grantee was fraudulent; the theory of the case being that the stockholder, and not such grantee, was the principal debtor.

7. JUDGMENT—FINDING CONTRADICTORY OF THEORY OF CASE INSUFFI-CIENT TO SUPPORT JUDGMENT.—A party is not entitled to a judg-ment on a finding of facts different from or contradictory of the theory of the case or the facts set up in the answer or complaint.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Samuel L. Pattee, Judge. Reversed.

Mr. Earl Anderson, for Appellant.

Mr. J. C. Forest, for Appellee.

BAKER, J.—This suit was commenced by the plain-tiff, Charles B. Christy, as trustee of the estate of the Phoenix Hardware Company, a bankrupt corporation, against the defendants, M. West and W. J. Kingsbury, to set aside a certain conveyance of real estate from the defendant West to the defendant Kingsbury and to declare such conveyance fraudulent and void as against the creditors of the defendant West.

The complaint in effect, intent and purpose alleges that at a date prior to the commencement of the action the plaintiff, Christy, as such trustee, recovered a judgment in favor of the estate of the said bankrupt corporation against the said defendant West for the sum of $3,530.65, together with interest, and that for the purpose and with the intent of hindering and de-laying the collection of said judgment the said defend-ant West had, before the rendition of said judgment,

transferred all of her property, consisting of lots 6 and 7, block 59, in the town of Tempe, Maricopa county, to the said defendant Kingsbury, her son-in-law, without any consideration and that by such conveyance the said defendant West rendered herself wholly insolvent.

The complaint further alleges that the said defendant Kingsbury knew at the time of such pretended sale and conveyance of said real estate to him that the same was made with the intent and for the purpose of delaying, hindering and defrauding the creditors of the said defendant West. The prayer of the complaint is that the conveyance may be set aside, and that the lots be subject to the satisfaction of the plaintiff's judgment previously obtained.

The defendants, West and Kingsbury, filed a joint answer in which they admit the conveyance to the said defendant Kingsbury by the said defendant West and that such conveyance was made without any money consideration. They deny that the said West was the real owner of said lots, and allege that the defendant Kingsbury was the true owner of said premises. They deny that there was any intent to delay or hinder the collection of the plaintiff's judgment or that there was any fraud in the conveyance sought to be set aside. They furthermore affirmatively allege in the answer that the defendant Kingsbury had previously transferred the lots to the defendant West without receiving any consideration therefor, and that such conveyance was made for the purpose only of enabling the said defendant West to execute bonds at the instance of the said defendant Kingsbury in the conduct of his business as an attorney at law and in his business as a banker.

Upon the issues thus formed the cause proceeded to trial before the court sitting without a jury, which resulted in a judgment in favor of the plaintiff setting aside the conveyance of the lots to the de-

fendant Kingsbury as fraudulent and void against the plaintiff as a creditor of the said defendant West. The defendant Kingsbury appeals.

The court of its own volition made and filed findings of facts in the case, among which is the following finding:

"That the said conveyance by the said M. West to the said W. J. Kingsbury was made without any consideration, and with the intent to hinder, delay and defraud the creditors of the defendant, M. West, and especially this plaintiff, by putting it out of the power of such creditors to reach the lands and assets of the said M. West."

The defendant Kingsbury insists that this finding was erroneous in that it is unsupported by the evidence and is in fact, contrary to the evidence.

The burden of proving the fraud alleged was upon the plaintiff, and, as he was opposed at the outset by the presumption of honesty and legality that prevails in favor of the ordinary business transactions among men, it was incumbent upon him to prove by clear and satisfactory evidence that the conveyance which he assailed was in reality fraudulent and void as to him. This he was required to do by direct proof of the fraud or by proof of facts and circumstances from which the fraud might reasonably be inferred. Fraud is never presumed. Bump on Fraudulent Conveyances, 3d ed., 600, 604, 605, and cases cited.

It sufficiently appears from the uncontradicted testimony that prior to any of the transactions mentioned in the complaint, the defendant Kingsbury transferred to the defendant West, who was his mother-in-law, and who was living in his family, the lots described in the complaint, the conveyance to which is sought to be set aside, together with other pieces of real estate not involved in the suit; that the defendant Kingsbury, at the time of such transfers, was engaged in the practice of law, and it was necessary, or at least

it was convenient, for him in the conduct of his business to procure or cause to be furnished bondsmen and sureties. He was also engaged in the banking business, and it was convenient for him in the conduct of that business to frequently cause title to real estate to be taken in the name of the defendant West, that she might execute mortgages on the property in her name, instead of the transactions being had in the name of the bank. It was proven that these transfers were made for the purpose and objects stated without any consideration being paid therefor by the defendant West and with the understanding that the property should be retransferred to the defendant Kingsbury by the said defendant West at any time upon his request. We see nothing wrong or fraudulent in these transactions. They were certainly not made to defraud the creditors of the defendant Kingsbury. The defendant West was therefore not a fraudulent grantee. The conveyances being without consideration, a resulting trust was created, and the superior right to the lots in question remained in the defendant Kingsbury. 10 Am. & Eng. Ency. of Law, pp. 4, 5, and cases there cited. Such being the case, the lots did not belong to the defendant West, and it was no fraud on her creditors for her to reconvey the legal title to the rightful owner.

The plaintiff could not complain that he was injured by the transfer, because he had no right to take the property of the defendant Kingsbury to satisfy his judgment against the defendant West.

"No creditor can be said to be delayed, hindered, or defrauded by any conveyance until some property out of which he has a specific right to be satisfied is withdrawn from his reach; in other words, to entitle a creditor to set aside a conveyance as fraudulent, it is necessary not only that there be fraud on the part of the vendor, participated in by the vendee, but also that there be an injury to the person complaining. It is incumbent on a creditor who complains of a fraudu-

lent conveyance to show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debt. Until this is done no injury appears.'' 12 R. C. L. (Fraudulent Conveyances), § 24.

Neither can it be said that the retransfer of the lots to the defendant Kingsbury was voluntary in the sense of the law as being without consideration. The moral obligation of the defendant West to retransfer the property to the defendant Kingsbury was a sufficient consideration. *Smith* v. *Ellison,* 80 Ark. 447, 97 S. W. 666; *Bicocchi* v. *Casey-Swasey Co.,* 91 Tex. 259, 66 Am. St. Rep. 875, 42 S. W. 963.

We think it may be safely said that, where no question of estoppel is involved, a conveyance by a debtor who holds property in trust or holds the bare legal title of property for another is not fraudulent as against his creditors when made by the debtor to the equitable owner or even to a third person at the request of the equitable owner, and the property so conveyed cannot be reached in equity and subjected to the payment of the debts of the debtor or grantor. 1 Moore on Fraudulent Conveyances, par. 31, and cases cited; Wait on Fraudulent Conveyances, 398; 20 Cyc., p. 370, subd. 17, and cases cited.

If the defendant Kingsbury, by permitting the legal title to the lots to stand in the name of the defendant West, had induced the plaintiff or others to extend credit to the said defendant West, believing the lots to belong to her, it may be, the defendant West being insolvent, that the defendant Kingsbury would be estopped in proper proceedings instituted by such creditors from denying their right to proceed against the lots in satisfaction of any judgment obtained by him or such other creditors. But there is not a scintilla of evidence in the record that any credit was extended to the defendant West by the plaintiff or any other creditor relying on the proposition that she was

the real owner of the lots. No effort was made to prove that fact. Indeed, in the very nature of things such a fact could not be established. The circumstances attending the obligation upon which the judgment against the defendant West was founded are these: She became the owner of 250 shares of the capital stock of the Phoenix Hardware Company of the par value of $25,000. The corporation was for a time solvent and a going concern. It, however, met with financial difficulties and became insolvent, and the plaintiff, Charles B. Christy, was appointed trustee of the estate of the corporation in bankruptcy proceedings instituted in the district court of the United States for the district of Arizona. After the bankruptcy of the corporation an assessment, or a call, made by the referee in bankruptcy upon the stockholders of the corporation for the amount necessary to pay the debts of the company and an assessment of $3,530.65 was made against the shares of the defunct company held by the defendant West. It was for the amount of this assessment that the judgment was rendered against the defendant West. In no sense can this transaction be construed as extending credit to the defendant West on account of the legal title to the lots standing in her name. We are decidedly of the opinion that the finding of fact under discussion is not supported by the evidence and is contrary thereto.

But the plaintiff relies upon another finding made by the court to the following effect:

"That all of the business transactions ostensibly participated in by M. West or carried on in her name from the time of the formation of the Phoenix Hardware Company to the end of its career were in fact Kingsbury's transactions, the said M. West being in fact a mere figurehead, and whatever was done in her name being in fact done by Kingsbury, and that the said W. J. Kingsbury in fact created the debt upon which the said judgment against the said M. West was founded."

We are at a loss to understand how this finding of fact tends to support the judgment that the retransfer of the lots to the defendant Kingsbury was fraudulent. If the debt or obligation (the assessment on the shares of the defunct corporation) was the debt or obligation of defendant Kingsbury, there could be no fraud in transferring the title to the lots from the defendant West to the defendant Kingsbury, for the lots would remain liable for the same debt. On this ground the intent to delay, hinder or defraud cannot be predicated. This position seems to us to be impregnable. Besides, this finding of fact contradicts the theory of the complaint which proceeds upon the allegations that the debt or obligation upon which the judgment was rendered against the defendant West was her debt, and that the lots were her property. Nothing is clearer than this. No principle is better settled than that a party is not entitled to a judgment on a finding of facts different from, or contradictory of, the theory of the case, or the facts set up in the complaint or answer.

In 16 Cyc. 485, it is said, citing numerous authorities:

"Furthermore, it is not enough that the proofs show that plaintiff (or complainant) is entitled to some relief; for, unless that is the relief warranted by the allegations in the bill, plaintiff has failed to make out his case. And if plaintiff has framed his bill to adapt it to a certain theory on which he bases his right to recover, the proofs must be such as to warrant a decree in conformity to this theory; and it is not enough that the proofs are sufficient to justify a decree in conformity to some other theory."

It follows from these views that the judgment of the lower court must be reversed, and such is the judgment of this court.

CUNNINGHAM, C. J., and ROSS, J., concur.