Argued January 5, affirmed January 30, 1923.

# BRENNAN ET AL. *v.* GROWDON ET AL.

(212 Pac. 189.)

**Fraud—Evidence must be Clear and Satisfactory.**

1. Evidence to prove fraud, while it may be circumstantial, must be clear and satisfactory.

**Sales—Evidence Held not to Establish Fraud in Sale of Hotel Lease and Furniture.**

2. In a suit to set aside for fraud a sale of a hotel lease and the furniture used therein, evidence *held* not to show clearly and satisfactorily that the defendants misrepresented the business and income from the property, but to show that plaintiffs were given an opportunity to make their own examination, and made such examination as they desired, so that a decree for defendants was proper.

**Appeal and Error—Importance is Attached to Findings of Trial Judge Who Saw and Heard the Witnesses.**

3. Where a suit to set aside a lease and contract was tried before an able, experienced judge, who had all the witnesses before him, and was better able to judge of their credibility, and the testimony was contradictory, and the witnesses for each side appeared to be of about equal credibility, the Supreme Court attaches much importance to the circuit judge's findings.

From Multnomah: GEORGE R. BAGLEY, Judge.

Department 2.

This is a suit to set aside a lease and contract of purchase of a rooming-house in the City of Portland. The plaintiffs allege in substance that they were the owners of certain real property situated in Multnomah County, Oregon, said property being of the value of $6,250 and subject to a mortgage of $2,750; also that they owned a Ford passenger automobile of the value of $350, a combination gas and wood cooking range valued at $125, a lawn-mower and tools worth $10, a heater and curtains valued at $30, and a carpet of the value of $15; and that on May 10, 1921, they exchanged the foregoing real and personal property and $1,046 in cash for the lease

and contract, and further executed and delivered to Hazel E. Growdon a note for $4,050, payable to her in installments of $150 per month, accompanied by a chattel mortgage for the same amount, the mortgage covering the personal property in the bill of sale hereinafter mentioned. The complaint states that the defendants Hazel E. Growdon and Clara L. Parsons in exchange for this real and personal property executed and delivered to the plaintiffs their bill of sale purporting to convey to the latter all of the furniture and equipment and other personalty located in the Harrison Hotel at 403 Front Street in the City of Portland; that the reasonable value of said personalty covered by the bill of sale did not exceed the sum of $1,500; that the defendants also on said date delivered to plaintiffs what purported to be a sublease of the Harrison Hotel property and certain furnishings of said hotel.

The plaintiffs in substance allege that these defendants as an inducement to the plaintiffs to purchase said hotel and furniture represented to them the following facts:

"That defendants were then, and had, for some months prior thereto, been conducting a hotel in said Harrison Hotel, and that on said May 10, 1921, 76 of the rooms in said hotel were, and for a considerable period of time prior thereto, had been, occupied by steady roomers, the majority of which were and had been paying from $2.50 to $3.50 per week for said rooms.

"That said Harrison Hotel was, on said May 10, 1921, and for many months prior to said date, had been, paying to defendants from $300 to $400 per month, over and above all expenses connected with the operation thereof, including a monthly rental expense of said premises amounting to $550.

"That defendants were the owners of and could and would convey and deliver to plaintiffs at the time of the consummation of said exchange, as a part of the consideration of said trade, all of the personal property described in 'Exhibit A' hereto attached and by this reference made a part hereof.

"That said defendant, Hazel E. Growden, was on said May 10, 1921, the sole owner of the property described in the said bill of sale, and that the same was then free of all liens and incumbrances of every kind and nature.

"And at the time of the consummation of said trade defendants themselves and through their said agent, J. W. Malloy, represented to plaintiffs that said bill of sale mentioned in paragraph IV hereof, conveyed to plaintiffs all of the personal property described in said 'Exhibit A.' ''

They claim these representations are untrue and false in the following respects: that there were not, and had not been for a considerable time prior to May 10, 1921, 76 rooms in said hotel occupied by steady roomers, but on the contrary there were not to exceed 56 of said rooms occupied by steady roomers; that the majority of these steady roomers had been paying $2.50 per week; that only one of them had been paying $3.50 weekly; that defendants were not realizing, and had not realized for many months prior to the sale, any net profits whatever from the operation of the hotel, but on the contrary the hotel was not producing sufficient income to pay the expenses connected with its operation and the monthly rental charge; that the defendants were not the owners of the personal property described in the exhibit attached to the complaint, but that it was owned by one Daniels, and that it is now worth approximately $5,000. Other allegations of the complaint relate to the efforts of defendants to pre-

vent plaintiffs from making a full and complete investigation of the affairs of the hotel and need not be specifically mentioned here.

The defendants answered, putting in issue all of the material allegations of the complaint, and upon a hearing there was a decree for the defendants, from which the plaintiffs appeal.          AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Frederick M. De Neffe.*

For respondents there was a brief and oral arguments by *Mr. Frederick M. Dempsey* and *Mr. Charles M. Hodges.*

McBRIDE, C. J.—1, 2. We have carefully examined this testimony and while there is some evidence, in fact considerable evidence, especially by the plaintiff James Brennan, tending to show that one Malloy, the agent of the defendants, made the representations set forth in the complaint, we do not think the alleged frauds therein charged are supported by the preponderance of the testimony; the rule of law being that evidence to prove fraud, while it may be circumstantial, must be clear and satisfactory. Assuming that all of the witnesses were entitled to equal credit, and there is nothing to discredit any of them, except in the way of contradictory testimony which seems to preponderate rather in favor of the defendants, we cannot say that the plaintiffs have made out a case by that preponderance of testimony which the law requires.

In addition to this, there is strong testimony that the plaintiff James Brennan made examination of the registers and other books of the Harrison Hotel and had information as to the number of guests

therein and the prices they paid for rooms; that he also examined the number of rooms and was not prevented from making a full examination, but made such investigation as he thought proper; and that he acted upon the information so acquired.

The fact seems to be that the plaintiffs purchased this lease just at the time the ship building was about to be terminated and the shipyards closed down, and when some of the lumber-mills also were reducing their forces on account of dullness of the lumber market; that a large percentage of the patronage of this hotel, which was situated near some of the shipyards and lumber-mills, had come from laborers employed therein; and that the patronage which the hotel had previously enjoyed, and which seems to have been sufficient to pay rentals and running expenses with perhaps a reasonable profit, had, because of the facts above stated, disappeared, thereby making the hotel an unprofitable venture.

3. While, as before remarked, it is evident that the plaintiffs have lost heavily by reason of their investment, we are inclined to believe from the preponderance of the testimony that they had full opportunity to ascertain the exact conditions, and that their inability to keep up the rentals, which in themselves are a large sum, and to make of the hotel a profitable business, was occasioned by their failure to take into consideration the circumstances connected with the closing of the shipyards and the reduction of the number of employees in the mills, which must have interfered seriously with their revenues. Although we sympathize with the plaintiffs in their losing venture, we cannot say that they have made such a case of fraudulent representations on the part of defendants or their agents as would

justify us in setting aside the decree of the Circuit Court. The case was tried before an able, experienced judge who had all the witnesses before him and was better able to judge of their credibility than we who have only the results of their testimony in cold type. In such cases, especially where the testimony is contradictory as it is in this instance, and where there are witnesses on each side who appear to be of about equal credibility, we attach much importance to the findings of the circuit judge who tried the case. The decree will be affirmed.                                   AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.