[Civil No. 2215.   Filed February 2, 1925.],

[232 Pac. 558.]

## ALEXANDER M. SCHWALBACH, Appellant, v. CHARLES C. JONES, Appellee.

1. EVIDENCE—AS GENERAL RULE, IN CIVIL ACTIONS, PARTY HAVING BURDEN OF PROOF IS REQUIRED TO SUSTAIN IT ONLY BY PREPONDERANCE OF EVIDENCE.—As a general rule, in civil actions, party having burden of proof is required to sustain it only by a preponderance of evidence, and imposition of heavier burden upon him is erroneous.

2. FRAUD—CLEAR AND SATISFACTORY EVIDENCE REQUIRED.—Fraud alleged either in complaint or answer must be established by clear and satisfactory evidence.

3. FRAUD—PROOF BEYOND REASONABLE DOUBT NOT REQUIRED.—Fraud is not required to be established beyond a reasonable doubt.

See (1) 23 **C. J.**, p. 12.   (2) 23 **C. J.**, p. 16; 27 **C. J.**, p. 64.   (3) 23 **C. J.**, p. 16; 27 **C. J.**, p. 65.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

1. Burden of proof as to fraud, see notes in 1 **Ann. Cas.** 809; **Ann. Cas.** 1912A, 711. See, also, 12 **R. C. L.** 436.

2. Degree of certainty necessary to establish fraud in civil action, see notes in 65 **Am. Dec.** 157; 33 **L. R. A. (N. S.)** 836.

Messrs. Cox & Moore, for Appellant.

Mr. Harold Baxter, for Appellee.

McALISTER, C. J.—This is a suit to collect fifteen promissory notes aggregating $1,750 out of a series of twenty-one notes totaling $2,500, and to foreclose a chattel mortgage securing them. The plaintiff, Charles C. Jones, payee of the notes, prevailed, and the maker, Alexander M. Schwalbach, defendant, appeals from the judgment.

Appellee and Paul Schwalbach, brother of appellant, were the owners of the S. & J. Battery Company at Phoenix, Arizona, and the Central Auto Electric Shop at Blythe, California. Appellant purchased from the former his one-half interest in these two concerns for $2,500, and satisfied the latter as to his in a way that gave him the right to mortgage the entire property. The notes were in payment of appellee's interest and the chattel mortgage secured their payment. A contract between appellee and Paul Schwalbach as the first parties and appellant as the second party containing the terms of the sale was executed at the same time as the notes and mortgage.

The answer admits the execution of the notes and mortgage but denies any indebtedness thereon, alleging that they were procured by fraud, in that appellee, for the purpose of inducing appellant to enter into the said contract and execute and deliver the notes and mortgage, falsely and fraudulently represented to him that the money invested in the business amounted to $4,800, and that he, the plaintiff, had put up and invested $2,500 of this sum, which made him, at the time the deal was entered into, the owner of a 25/48 interest in said business; that said representations were false and untrue in this: The total amount invested in said

business up to that date was $3,400, of which sum appellee had put up and advanced only $500, and he was, therefore, owner of a 5/34 interest in said business, instead of a 25/48 interest as represented by him. It further appears from the answer that appellant, relying on the representations of appellee, executed and delivered the contract and notes; that the true value of appellee's interest in said business at that time was the sum of $705.88; and that said notes and mortgage over and above this sum were without consideration and void. The same facts were set up in a cross-complaint, though the latter contained the further allegation that appellant had paid on said notes $792, including interest, and that he was damaged in the sum of $86.12, the difference between the value of appellee's interest in the business and the amount paid him by appellant.

In both his reply and answer to the cross-complaint appellee denied specifically all allegations of false and fraudulent representations regarding the total amount invested in the property as well as the amount put up and advanced by him. The case was submitted on interrogatories. The jury answered these in favor of appellee, and judgment for him followed.

The only errors assigned are based upon two instructions of the court regarding the degree of proof required to sustain the allegations of fraud. The first one reads as follows:

"You are instructed that fraud is odious in contemplation of law and not to be presumed. It must be established by clear and satisfactory evidence, and the burden of proof is on the defendant to overcome the legal presumption that there is no fraud. The defendant must establish the claim of fraud which he asserts by preponderance of the evidence."

The second is in these words:

"In order to sustain a defense or support a cross-complaint of this kind, it is necessary for the defendant to satisfy the jury by a preponderance of the evidence, first, that the defendant made a substantial, material representation respecting the transaction; second, that it was false, or made in wanton disregard of its truth or falsity; third, that when he made it he knew it was false; fourth, that he made it with the intention of inducing the defendant to act upon it; fifth, that the defendant was misled thereby, and in reliance thereon did act upon it and thereby suffered damage."

The particular language objected to is that fraud "must be established by clear and satisfactory evidence," and that "it is necessary for the defendant to satisfy the jury by a preponderance of the evidence" as to the existence of the necessary elements of fraud. The argument of appellant is that in using the words "clear," "satisfactory," and "satisfy" to define the degree of proof necessary to establish the alleged fraudulent representations of appellee, the court required more than proof by a mere preponderance of the evidence. This contention rests upon the proposition that the party having the burden of proof in a civil action is required to sustain that burden by a preponderance of the evidence only, and that any instruction which imposes a heavier burden upon him is erroneous. There is no question but that such is the general rule in civil causes, and in some jurisdictions it applies to an allegation of fraud the same as to any other averment. *Brady* v. *Cole,* 164 Ill. 116, 45 N. E. 438; *Ruby & Co.* v. *Jamison,* 143 Ky. 486, 136 S. W. 909; *McNaughton* v. *Smith,* 136 Mich. 368, 99 N. W. 382.

The weight of authority, however, is that when fraud is relied on, either in the complaint or the answer, it must be established by "clear and satis-

factory evidence." *Lepley* v. *Anderson,* 142 Wis. 668, 33 L. R. A. (N. S.) 836, 125 N. W. 433; *Castleman* v. *Stryker,* 107 Or. 48, 213 Pac. 436; *Russell* v. *Brooks,* 92 Ark. 509, 122 S. W. 649; *Hampton* v. *Webster,* 56 Neb. 628, 77 N. W. 50; *Nelson* v. *Steen,* 192 Pa. 581, 44 Atl. 247; *New York Life Ins. Co.* v. *Davis,* 96 Va. 737, 44 L. R. A. 305, 32 S. E. 475; *Brennan* v. *Growdon,* 106 Or. 377, 212 Pac. 189; *Everett* v. *Standard Acc. Ins. Co.,* 45 Cal. App. 332, 187 Pac. 996; *Everist* v. *Drake,* 26 Colo. App. 273, 143 Pac. 811.

A note to *Lepley* v. *Anderson, supra,* found in 33 L. R. A. (N. S.), page 836, is authority for the statement that such expressions as the following among others have been approved by various courts as indicating the degree of proof necessary to establish fraud: "Must be clearly proved"; "clear and convincing"; "clear, unequivocal, and convincing"; "clear, precise, and indubitable"; "conclusive"; "clear and conclusive"; "clear and satisfactory"; "clear, satisfactory, and conclusive." Some of these, it is true, have been condemned by courts holding to the rule that a mere preponderance of the evidence is sufficient. But it is not necessary in a civil action that fraud, notwithstanding its close kinship to crime, should be established by proof as strong as that required to prove the guilt of the accused in a criminal prosecution, which is of course beyond a reasonable doubt. *Sweeney* v. *Devens,* 72 Mich. 301, 40 N. W. 454; *Burr* v. *Willson,* 22 Minn. 206; *Dare County* v. *Smith Const. Co.,* 152 N. C. 23, 67 S. E. 37; *McConihe* v. *Sawyer,* 12 N. H. 396. However, the Supreme Court of Missouri, in *Weissenfels* v. *Cable,* 208 Mo. 515, 106 S. W. 1028, held such to be the rule in that jurisdiction, and in *Mayberry* v. *Nichol* (Tenn.), 39 S. W. 881, it was said that the phrase "beyond a reasonable

controversy'' properly described the degree of proof required there.

In stating how strong such proof must be in Arizona, this court has used two of the expressions mentioned above, ''clear and satisfactory'' and ''clear and conclusive.'' In *Kingsbury* v. *Christy,* 21 Ariz. 559, 192 Pac. 1114, it was said that it is incumbent upon one alleging a conveyance to be fraudulent as to creditors to prove it by ''clear and satisfactory evidence.'' And in *Hall* v. *Warren,* 5 Ariz. 127, 48 Pac. 214, the language of the court was that ''fraud is a question of fact . . . and proof necessary to establish the same must be clear and conclusive.'' That it should be at least ''clear and satisfactory,'' as announced by Judge BAKER in *Kingsbury* v. *Christy,* is in line with the weight of authority, and the stronger term, ''clear and conclusive,'' is supported by excellent authority.

Appellant has cited a number of cases in support of his contention that proof by a mere preponderance of the evidence is sufficient, but an examination of these discloses that in most of them the court was not considering allegations of fraud but of other facts, principally negligence. For instance, *Grigsby et al.* v. *Texas & P. Ry. Co.* (Tex. Civ. App.), 137 S. W. 709, cited by him, in which the Court of Civil Appeals held an instruction that ''the burden is upon the plaintiff to make out his case from the evidence to your satisfaction'' exacted a higher degree of proof than the law requires, was an action for damages for delay in shipping an automobile; and *Jerolman* v. *Chicago G. W. Ry. Co.,* 108 Iowa, 177, 78 N. W. 855, in which the Supreme Court of Iowa very properly said, ''the plaintiff was required to prove her case, not to the satisfaction of the jury, but merely by a preponderance of the evidence,'' was a case wherein damages for a

personal injury alleged to have been caused by the negligence of the defendant were sought.

Appellant admits that before the court will permit the imputation of fraud to a litigant the facts establishing it must be convincing. This, it seems to us, is an admission that proof by "clear and satisfactory evidence," or by evidence that "satisfies" the jury, is not objectionable, because there can be no question but that evidence to convince must be as strong as evidence that satisfies. In fact, one of Webster's definitions of the word "convince" is "to satisfy by proof." And the contention that there is a difference in meaning between the expressions, "clear and satisfactory evidence" and "evidence that satisfies," draws a distinction too fine for practical purposes and is not, we think, well founded. The claim that the former means merely evidence that comes from a reliable or trustworthy source, while the latter "gets entirely out of the realm of the origin or source of the evidence," is not in accord with the ordinary use of these terms in courts of justice. If evidence is satisfactory it satisfies, and if it satisfies it is satisfactory, the reference in both expressions being to the character of the evidence as well as to its source. This is true because it is not merely the confidence the witness, by reason of his known probity or appearance on the witness-stand, inspires in the trier of facts that renders it satisfactory or causes it to satisfy, but as well the nature of the testimony itself viewed in the light of all the circumstances including the witness' opportunity of knowing the truth or falsity of what he says.

No error appearing, the judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.